Tim J. Billick, WSBA 46690
TBILLICK LAW
600 1st Ave
Seattle, WA 98104
Ph. 206-494-0020
tim@tbillicklaw.com

Akiva M. Cohen, NY Bar No. 4328969
(*pro hac vice* pending)
Ph. (212) 400-4930
acohen@kusklaw.com
Dylan M. Schmeyer, CO Bar No. 50573
(*pro hac vice* pending)
Ph. (719) 930-5942
dschmeyer@kusklaw.com
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway
New York, NY 10019

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES NO. 1-10,<br>Defendants. | Case No. 2:22-cv-371<br><br>COMPLAINT FOR (1) FRAUDULENT DMCA NOTICES UNDER 17 U.S.C. § 512(f); (2) FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §§ 1125(a) and 1117(a); (3) COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501 *et seq.*; (4) BUSINESS DEFAMATION; (5) VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.020; and (6) BREACH OF CONTRACT<br><br>JURY DEMAND |

COMPLAINT – 1

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Plaintiff Bungie, Inc. ("Bungie"), as and for its complaint against Defendants John Does No. 1-10, respectfully alleges as follows:

## INTRODUCTION

1.      This action arises out of a series of fraudulent Digital Millennium Copyright Act ("DMCA") takedown notices that an unauthorized and malicious actor or actors ("Doe Defendants") provided to YouTube with respect to content that supposedly infringed Bungie's copyrights in its popular and successful *Destiny* franchise, disrupting Bungie's community of players, streamers, and fans and causing Bungie nearly incalculable damage.

2.      As discussed herein, Doe Defendants were able to do this because of a hole in YouTube's DMCA-process security, which allows any person to claim to be representing any rights holder in the world for purposes of issuing a DMCA takedown.

3.      In other words, as far as YouTube is concerned, any person, anywhere in the world, can issue takedown notices on behalf of any rights holder, anywhere.  A disgruntled infringer or a competitive content producer, for example, can issue takedown notices purportedly on behalf of Disney, or Fox, or Universal – or even Google itself. All they need to do is: (1) fill out the video removal form located at https://studio.youtube.com/channel/UCWczJmTLhYS_nckM0U7pLLw/copyright/history; (2) have a Google account – including, upon information and belief, one created that same day and with fake information; and (3) fill out information and click verification buttons fraudulently certifying that they have the right to submit the

COMPLAINT – 2



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

takedown request, with no verification done by YouTube. Between March 17, 2022 and

March 22, 2022, a malicious actor or actors exploited that security loophole to issue

takedowns, purportedly on behalf of Bungie, to YouTubers and streamers who had –

with Bungie's permission as granted in Bungie's Legal Policy on Media, located at

https://www.bungie.net/7/en/Legal/IntellectualPropertyTrademarks - uploaded

videos of their gameplay to YouTube.

4.     Between March 17, 2022 and March 22, 2022, a malicious actor or actors

exploited that gaping security loophole to issue takedowns, purportedly on behalf of

Bungie, to YouTubers and streamers who had – with Bungie's permission as granted in

Bungie's Legal Policy on Media, located at

https://www.bungie.net/7/en/Legal/IntellectualPropertyTrademarks - uploaded

videos of their gameplay to YouTube.

5.     Using a fake Gmail address that was, upon information and belief, newly

created, which did not match the addresses used by Bungie's brand protection vendor

for legitimate DMCA notices (although it had a similar syntax to those addresses, upon

information and belief having been deliberately chosen so as to cause maximum

confusion among recipients and lead them to believe that it was legitimate), and via

notices that were otherwise inconsistent with the substance of Bungie's legitimate

DMCA notices, Doe Defendants issued a wave of takedown notices targeting non-

infringing *Destiny 2* videos.

6.     Using the same fake Gmail address that was used to issue the wave of

fraudulent takedown notices, Doe Defendants circulated messaging to affected

COMPLAINT – 3

TBILLICK
LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

uploaders that appear calculated to discredit the authenticity of takedown notices legitimately issued by Bungie's authorized brand protection vendor by claiming, falsely, that DMCA notices attaching the authorized vendor's email address "davidthomsoncsc@gmail.com" were also fraudulent.

7.      Using a second fake Gmail address that was, upon information and belief, newly created, which did not match the addresses used by Bungie's brand protection vendor for legitimate DMCA notices (although it had a similar syntax to those addresses), Doe Defendants sent abusive messages to the email address of Bungie's authorized brand protection vendor.

8.      This caused Bungie significant reputational and economic damage, for obvious reasons. As discussed below, the *Destiny* community was bewildered and upset, believing that Bungie had reneged on a promise to allow players to build their own streaming communities and YouTube channels on *Destiny 2* content. *Destiny* community members were also misled to believe that Bungie's brand protection agent was also fraudulent, causing confusion among users as to the authenticity of legitimate DMCA notices. Bungie had to devote significant internal resources to addressing it and helping its players restore their videos and channels – an effort complicated by the fact that while YouTube has a form that allows anyone to claim to represent a copyright holder and issue copyright strikes, it has no dedicated mechanism for copyright holders who are being impersonated to let YouTube know about the DMCA fraud. As detailed below, this meant that Bungie had to work through several layers of YouTube contacts before it could adequately communicate and begin addressing the problem.

COMPLAINT – 4


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

9.      Though Bungie does not currently know the identities of Doe Defendants, whose anonymous conduct occurred just days ago, it will discover them soon, via § 512(h) subpoena or otherwise, and will promptly amend this Complaint once it does.

10.     For now, though, and particularly given the ease with which malicious actors can exploit YouTube's flawed DMCA practice and harm Bungie's community, Bungie brings this action to recover for the Doe Defendants' tortious and illegal conduct, and, frankly, to demonstrate to anyone else stupid enough to volunteer as a Defendant by targeting Bungie's community for similar attack that they will be met by legal process.

## PARTIES

11.     Plaintiff Bungie is a Delaware corporation with its primary place of business at 550 106th Avenue NE, Suite 207, Bellevue, Washington 98004.

12.     Doe Defendants 1-10 are persons, whose true identity is in the process of being discovered, who submitted false DMCA notifications purportedly in the name of "Bungie Inc.".

## JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiff asserts claims under federal law, including for violations of Section 512(f) of the Digital Millennium Copyright Act and infringement of Bungie's copyrights, and supplemental jurisdiction over Bungie's state law claims under 28 U.S.C. § 1367(a).

14.     This court has personal jurisdiction over Doe Defendants because, upon information and belief, Doe Defendants are *Destiny 2* players who consented to jurisdiction in the state and federal courts in King County, Washington by accepting the

COMPLAINT – 5



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

terms of *Destiny 2*'s Limited Software License Agreement (the "LSLA"), which provides that the licensee: "agree[s] to submit to the personal jurisdiction of any federal or state court in King County, Washington."

15.     Additionally, this court has personal jurisdiction over Defendants pursuant to RCW 26.50.240, the Washington Long-Arm Statute, because the Defendants committed tortious acts that caused Bungie injury in the State of Washington.

16.     Venue is proper under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Defendants have harmed Bungie in this judicial district, or, in the alternative, 28 U.S.C. § 1391(b)(3), in that if venue is not proper under 28 U.S.C. § 1391(b)(2), there is no known judicial district in which venue would otherwise be proper under Section 1391(b).

## BACKGROUND

### I.    THE DESTINY COMMUNITY

17.     *Destiny* 2 is a shared-world online first-person shooter available across multiple platforms, including Playstation 4 and 5, PC, Stadia, and the Xbox One and Series X consoles.

18.     *Destiny 2* boasts a community of tens of millions of players worldwide.

19.     But members of the *Destiny 2* community do more than just play the game – content creators build fan followings of their own for their gameplay or commentary, which is often streamed to followers and subscribers and/or uploaded to YouTube for asynchronous viewing.

20.     For instance, YouTubers like My Name is Byf and Datto have roughly a million or more subscribers who watch their videos about *Destiny 2*, its lore and gameplay.

21.     And this isn't just gratifying for Bungie, though seeing the community's

COMPLAINT – 6

TBILLICK
LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

love for its game is certainly that. *Destiny*'s base game is free to play, as is character levelling – gamers can play *Destiny 2* without purchasing anything at all unless they want to.

22.     Instead, Bungie's income stream from the *Destiny 2* game is entirely based on additional content gamers choose to buy: downloadable content including expansions (additional campaigns and storylines), in-game currency ("Silver," which players can purchase for real money and use in the Destiny 2 world to "purchase" cosmetic items for their characters), seasonal content, and other in-game features and additions.

23.     Thus, unlike a more typical model in which companies earn income by retailing individual copies or downloads of games, Bungie generates revenue from *Destiny 2* if and only if its players find the game experience so compelling and enjoyable that they want to buy additional content.

24.     As a result, the level of connection and community that Bungie's players share directly affects Bungie's bottom line.

**II.     BUNGIE'S INTELLECTUAL PROPERTY POLICY AND ENFORCEMENT**

25.     Bungie is the owner of more than 200 registered copyrights and trademarks.

26.     Bungie's registered copyrights cover, among other things, its game software, its game as an audio-visual work, and various elements of its games, including music and art used in the games.

27.     Because those elements are integral to the gaming experience, and because Bungie wants its community to be able to share and discuss *Destiny* gameplay and elements, but also wishes to protect its intellectual property, Bungie has adopted a comprehensive policy governing its players' use, display, and performance of Bungie's copyrighted works.

COMPLAINT – 7



TBILLICK
LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

28.     As noted in its intellectual property policy, "Bungie strongly supports the efforts of our community to produce non-commercial content using video images, footage, music, sounds, dialogue, or other assets from our games, subject to a few conditions" and "generally approves streaming or commentary through approved platforms like Twitch, YouTube, or Facebook."

29.     Bungie reserves the right to enforce its intellectual property rights against infringers who violate the guidelines in its intellectual property policy, community standards, or code of conduct.

30.     Bungie permits players to create videos using *Destiny* gameplay.

31.     Bungie permits players to upload gameplay videos to third-party video sharing services such as YouTube, including to video-on-demand services that enable players to monetize content, provided the videos contain substantial "player created content."

32.     Bungie specifically notes that the sharing of videos that are primarily Bungie-created content, e.g. trailers or cutscenes, is not allowed.

33.     Similarly, simply uploading songs from Bungie soundtracks or ripped from the game files of Destiny 2 does not comply with Bungie's intellectual property policy.

34.     Bungie uses a vendor, CSC Global ("CSC"), to handle its Digital Millennium Copyright Act ("DMCA") takedown notices for infringing content that does not comply with Bungie's intellectual property policy, including content uploaded to YouTube.

35.     YouTube's DMCA reporting form requires the reporting party to use a Google account if the reporting party processes DMCA requests via a YouTube content management product (Creator Studio or Content Manager).

36.     For that reason, CSC created and uses the davidthomsoncsc@gmail.com

COMPLAINT – 8

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

account for its DMCA work relating to YouTube videos.

37.     At no point does CSC issue takedown notices on YouTube uploads related to Destiny without specific approval from Bungie's legal department.

38.     CSC maintains a record of the DMCA takedowns it executes on Bungie's behalf.

39.     On or about March 2, 2022, at Bungie's direction, CSC initiated a series of DMCA takedowns – 41 in total – relating to infringing content that had been uploaded to YouTube (the "Early March Takedowns"). All 41 Early March Takedowns related to music from Destiny 2's original soundtracks ("OSTs").

40.     Upon information and belief, YouTube's actions in response to the Early March Takedowns were complete on or about March 16, 2022.

**III.     DOE DEFENDANTS' RETALIATORY ATTACK ON THE *DESTINY* COMMUNITY**

41.     Upon information and belief, Doe Defendants were among the YouTubers whose videos received legitimate DMCA takedowns as a part of the Early March Takedowns.

42.     Upon information and belief, the email address connected with the DMCA takedown notices that impacted Doe Defendants' accounts was davidthomsoncsc@gmail.com.

43.     Beginning on or about March 17, 2022, Doe Defendants began submitting unauthorized DMCA takedown notices to YouTube for videos that allegedly infringed Bungie's copyrights (the "Fraudulent Takedown Notices").

44.     Upon information and belief, Doe Defendants created fake [name]csc@gmail.com Google accounts in order to submit the Fraudulent Takedown Notices.

45.     Upon information and belief, Doe Defendants identified themselves as "Bungie, Inc." when submitting some or all of the Fraudulent Takedown Notices.

COMPLAINT – 9



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

46.     Alternatively, upon information and belief, Doe Defendants identified themselves as Bungie's authorized agents when submitting some or all of the Fraudulent Takedown Notices.

47.     Doe Defendants had no authority to submit *any* of the Fraudulent Takedown Notices.

48.     Despite that, Doe Defendants submitted Fraudulent Takedown Notices targeting many members of the *Destiny* community, including:

    a.   My Name is Byf, a *Destiny* YouTuber with 966,000 subscribers;

    b.   AztecRoss, a *Destiny* YouTuber with 594,000 subscribers;

    c.   The Phoenix, a *Destiny* YouTuber with 54,000 subscribers; and

    d.   Promethean, Archival Mind, a *Destiny* YouTuber with 17,800 subscribers.

49.     Indeed, Bungie's own official *Destiny* YouTube channel got hit with a Fraudulent Takedown Notice.

50.     Thanks to YouTube's easily-gamed reporting system, the attack was a success, and videos were removed (and YouTubers given "copyright strikes" that, under YouTube rules, threaten the future viability of their YouTube channels) on the basis of the Fraudulent Takedown Notices.

51.     Upon information and belief, Doe Defendants disseminated misinformation via an email from the fraudulent address "jeremywildandcsc@gmail.com." In this email, Doe Defendants claimed, falsely, that the legitimate agent's address "davidthomsoncsc@gmail.com" had been "issuing false takedowns for years," causing confusion among recipients of legitimate DMCA notifications and calculated to cause the recipients of legitimate takedown notices to file inappropriate copyright counter notifications with YouTube.

52.     Upon information and belief, Doe Defendants filed a fraudulent DMCA

COMPLAINT –  10



TBILLICK
LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

notice targeting their own YouTube channel, purportedly on behalf of Bungie, using the fraudulent alias "jeremywilandcsc@gmail.com."

53.     Upon information and belief, Doe Defendants filed a fraudulent copyright counter notice with YouTube claiming that both the legitimate and the fraudulent copyright notifications were fraudulent.

### IV.     THE COMMUNITY IMPACT OF DOE DEFENDANTS' ATTACK, AND BUNGIE'S RESPONSE

54.     Doe Defendants' attack sent shockwaves through the *Destiny* community.

55.     Community members described the loss of the falsely-struck content as "heartbreaking,"[1] "horrible,"[2] and "[l]egitimately a tragedy."[3]

56.     Content creators described the chilling effect the false takedowns had on their own work, saying "I'm scared to make new Destiny videos let alone keep the ones I've already made up"[4] and "I'm just worried that my channel is gone forever because of this."[5]

57.     As one community member explained, "Some of the people running these channels used their 'main' accounts for this, couldn't take the risk. Just unlisting videos doesn't protect them from strikes at all. It was self-delete or get permanently blacklisted by Google."[6]

58.     The community's sorrow quickly turned to anger. Many fans reacted with

---

[1]https://web.archive.org/web/20220317143736/https://www.reddit.com/r/DestinyTheGame/comments/tg01q1/its_time_to_say_goodbye_to_all_the_sunset_tracks/i10uapk/

[2] https://www.youtube.com/post/Ugkx78XtbobU_RBv4cVHNFAtuTCk-4Nhm15a

[3] https://web.archive.org/web/20220317085347/https://twitter.com/Quantum__/status/1504380178646147073

[4] https://web.archive.org/web/20220317143736/https://www.reddit.com/r/DestinyTheGame/comments/tg01q1/its_time_to_say_goodbye_to_all_the_sunset_tracks/i10uapk/

[5] https://web.archive.org/web/20220321145312/https://twitter.com/theman34005852/status/1505920305096765443

[6]https://web.archive.org/web/20220317091011/https://www.reddit.com/r/DestinyTheGame/comments/tg01q1/its_time_to_say_goodbye_to_all_the_sunset_tracks/i0zx0f6/

COMPLAINT – 11


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

disbelief and frustration, saying "Bungie has always been a company that isn't a shitty soulless corp with this stuff and I'd super appreciate it if y'all can send this up to flagpole to whoever can look into this"[7] and "[t]his is the type of thing that alienates a dev company from their fans… it's damaging the community and I don't understand it tbh."[8]

59.     Community members felt disregarded and betrayed, saying "[i]t feels like they don't care or are complicit."[9]

60.     Because the false takedown emails used the same "csc" identification style as the authorized agent, many members believed that these were authorized takedowns, saying "Bungie hired a 3rd party to enforce copyright. This is 100% on Bungie."[10]

61.     And the reaction was not confined to the *Destiny* community.

62.     The Fraudulent Takedown Notices, and their aftermath, also garnered significant media attention, being reported on at GamesIndustry.biz[11], GameSpot.com[12], PC Gamer[13] [14], Forbes[15], and even German webportal WinFuture[16].

---

[7] https://web.archive.org/web/20220317082420/https://www.reddit.com/r/DestinyTheGame/comments/tg01q1/its_time_to_say_goodbye_to_all_the_sunset_tracks/i0ztvlg/

[8] https://web.archive.org/web/20220320131945/https://www.reddit.com/r/destiny2/comments/tiacmp/bungie_and_their_partner_csc_are_now_extending/i1eextw/

[9] https://web.archive.org/web/20220320143557/https://twitter.com/Searcy306/status/1505553615439630336

[10] https://web.archive.org/web/20220320173445/https://www.reddit.com/r/DestinyTheGame/comments/tinzu4/cozmo_on_twitter_regarding_youtube_videos_being/i1fcuwc/

[11] https://web.archive.org/web/20220321222220/https://www.gamesindustry.biz/articles/2022-03-21-bungie-reports-destiny-youtube-video-copyright-takedowns

[12] https://web.archive.org/web/20220321135521/https://www.gamespot.com/articles/destiny-2-copyright-strikes-hit-high-profile-creators-and-bungie/1100-6501726/

[13] https://web.archive.org/web/20220324230146/https://www.pcgamer.com/bungie-says-last-weeks-destiny-2-video-takedowns-were-fraudulent/

[14] https://web.archive.org/web/20220325054014/https://www.pcgamer.com/no-one-is-safe-from-destiny-copyright-strikes-not-even-bungie/

[15] https://www.forbes.com/sites/paultassi/2022/03/21/someone-is-weaponizing-the-dmca-against-destiny-2-creators-and-bungie-itself/?sh=2cf8201b17b1

[16] https://web.archive.org/web/20220325072105/https://winfuture.de/news,128688.html

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

63.     On March 18, 2022, when the first complaints about the takedown notices began coming to Bungie's attention, Bungie's Deputy General Counsel, James Barker, reached out to Bungie's brand protection team at CSC to inquire about a suspicious takedown targeting Aztecross that was described via social media, noting that he did not see the Aztecross takedown in the CSC-provided list of completed , or any requests targeting Aztecross, and asking CSC to confirm whether there was a takedown.

64.     By email roughly half an hour later, CSC responded that it had no such record either, nor any secondary records that would suggest any such takedown had occurred by mistake, and asked for more information so that it could confirm with certainty that it was not the source.

65.     After being provided details on the timing of the copyright complaint filed against Aztecross, CSC confirmed that they had no record and the complaint likely did not come from them.

66.     Mr. Barker then forwarded the image of the takedown from the user, noting the oddity of the fact that the notice indicated that content was "removed by Bungie, Inc." when any removals handled by CSC would not have used that language, and Bungie had not authorized anyone else to issue takedowns:

COMPLAINT – 13



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18



19     67.     Based on those issues, Mr. Barker asked if CSC believed it could be a

20 spoof, and CSC responded that it believed so but would need until Monday, March 21

21 to confirm fully.

22     68.     In response, Mr. Barker directed CSC to do what it could to get the video

23 reinstated, as it did not violate Bungie's guidelines.

24     69.     CSC issued a retraction notice requesting reinstatement of the video, but

25 on Monday, March 21 it reported that YouTube had denied the retraction request

26 because the retraction notice was not sent from the same email that had issued the

27

COMPLAINT – 14


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

initial Fraudulent Takedown Notice.

70.     In the interim, the nature of Doe Defendants' impersonation of Bungie had become clear, and Bungie had reached out to YouTube to try to address the issue.

71.     On Saturday, March 19, under the direction of Bungie's legal team, Bungie's Social Media Manager reached out to the account representative for Bungie's YouTube channel, Walker Adamson, to report that they had seen a number of additional users and their own channel get hit with takedowns from a "Bungie, Inc." Bungie also informed Adamson it had confirmed that it was a malicious impersonator, and asked for Google's assistance identifying Doe Defendants and next steps to prevent the attack from continuing or recurring.

72.     10 minutes later, after receiving an out-of-office notification from Mr. Adamson, Bungie's Social Media Manager passed the same message along to Magali Huot, Google's Head of Games Publishers and the person that the out-of-office message identified as available to help while account representative Mr. Adamson was out.

73.     An hour later, having received no response, Mr. Barker added Bungie's legal department to the email conversation and cc'd Bungie's General Counsel, Don McGowan, indicating how serious of an issue the attack was for Bungie, providing detail on Bungie's legitimate takedown notices, and asking Google to provide information on the Doe Defendants.

74.     Mr. Barker also instructed Google to block any new DMCA reports that purported to be on Bungie's behalf, until further notice.

75.     Upon information and belief, Google did none of those things.

76.     Thus, on Sunday, March 20 and having received no response, Mr. Barker emailed Ms. Huot to note that the situation was "escalating" and that "a number of trusted streamers" – including My name is Byf and Aztecross – were receiving fraudulent takedown notices.

COMPLAINT – 15



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

77.    Mr. Barker asked Ms. Huot for a response as soon as possible, information on how the Doe Defendants were able to so easily impersonate Bungie, and, most importantly information on what YouTube could "do to begin mitigating the damage done to our community streamers."

78.    Mr. Barker also asked for "a more reliable way to contact someone at YouTube to handle exigent issues like this one."

79.    Roughly 40 minutes later, having still received no response, it was the turn of Bungie's Global Franchise Director to try to get some sort of response from Google regarding the spiraling problem.

80.    Thus, at 2:08 Pacific, Bungie's Global Finance Director emailed additional Google personnel – Luma Hamade, Jason Bentley, Kendra Johnson, and Andrew Conway, along with Ms. Huot – to reiterate that Bungie had "a corporate impersonator who is doing damage to some of our trusted community streamers on YouTube" and that Bungie was looking to connect with someone who could assist, and specifically to "introduce" Mr. Barker to the Google team.

81.    Mr. Barker then responded with a recap of the issues described above, repeating the information Bungie had already provided to Google: that someone was impersonating Bungie and sending fraudulent DMCA notices to members of the Bungie community.

82.    Mr. Barker also reiterated Bungie's requests that Google: (1) block new takedown requests issued by any entity claiming to represent Bungie or targeting *Destiny 2* content; (2) restore any takedowns processed after March 16, 2022; and (3) obtain and provide any information on the Doe Defendants and how they were able to accomplish their takedowns.

83.    Ms. Johnson – YouTube's Director of Gaming Publishers and Commerce Content Partners – responded to ask whether the issue was that Bungie's channel had

COMPLAINT – 16

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

been compromised or only that it was being impersonated as part of DMCA takedowns, and whether Bungie had gone through standard channels to file a help ticket.

84.     Mr. Barker replied that the issue was simply the DMCA-related impersonation, and that YouTube opaque support process was running them through a "circular loop from 'contact us' back to the 'help community.'"

85.     Ms. Johnson responded that she would connect with YouTube's "Takedown Notice team" and report back.

86.     On Monday the 21st, Ms. Huot responded to Mr. Barker's email about the "escalating situation" to apologize for the delay and note that she was "looping back in" Mr. Adamson and they would get back to Bungie as quickly as possible that day.

87.     At 11:00 am, Mr. Barker reached back out to Mr. Adamson and Ms. Huot to update them on some of the developments discussed in more detail below: that Bungie had identified jeremywilandcsc@gmail.com as the email address responsible for at least some of the takedown notices and damianreynoldscsc@gmail.com as having sent taunting and threatening emails to CSC.

88.     Mr. Barker reiterated that the only people authorized to issue DMCA notices on YouTube were CSC, and provided the two legitimate email addresses from which such notices might come.

89.     At 5:29 p.m., Mr. Barker emailed Mr. Adamson to note that he was looking forward to any updates, and pointed out that while several of the unauthorized takedowns had been reversed, Bungie still had no way to tell how many may have been issued but had not yet been brought to Bungie's attention through social media.

90.     At 8:09 p.m. that day, David from YouTube's gaming support team responded that YouTube did not have an update yet, but should be able to provide one by Tuesday the 22nd.

91.     On Tuesday, March 22, at 1:17 p.m., having not received the promised

COMPLAINT – 17

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

update, Mr. Barker again asked for Google to speed up its response and provide critical

information:

> We need a couple of things _urgently_ in order to mitigate the harm to
> our community …:
>
> A list of all the channels and uploads that were actioned by the two
> users who used the fraudulent email addresses … so that we can
> request reinstatement.
>
> A list of all channels and uploads that have been actioned
> purportedly on behalf of Bungie, Inc., and the email addresses
> attached to those actions.
>
> What you are able to do in order to make sure that takedowns on
> YouTube that are "on behalf of Bungie, Inc." are by only an
> approved set of email addresses …
>
> What you are able to provide about the identities of the users who
> have actioned "on behalf of Bungie, Inc." as these threat actors are
> causing active harm to CSC's reputation and to ours, and have
> threatened employees at CSC.

92.     At 3:18 p.m. on March 22, Google provided an update: it had terminated

the accounts that submitted the fraudulent requests and all fraudulent submissions

would be reversed, but Google would not share any information identifying who the

fraudulent users were, including channel identifiers, email addresses, or other

identifying information, without a law enforcement request or civil process. Fortunately

for the people whose videos were targeted by the Fraudulent Takedown Notices,

Bungie has the financial resources to begin that civil process in order to meet Google's

requirements.

V.      **DOE DEFENDANTS' CONFESSION, AND HARASSMENT OF CSC**

93.     While Bungie's legal department, management, and executives were

attempting to negotiate the Byzantine procedural labyrinth Google required before it

would address the fraud its users were committing, let alone identify who its fraudsters

COMPLAINT – 18



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

were, Doe Defendants themselves were gloating, confessing, and threatening.

94.     Over that weekend, the "Damian Reynolds" account began sending threatening emails to CSC, with the subject line "You're in for it now" and telling CSC "Better start running. The clock is ticking."

95.     At 12:41 a.m. on Monday the 21st, "Damian Reynolds" emailed davidthomsoncsc@gmail.com the following: "Hope striking everyone's content was worth it, asshat. You've now got Bungie's full attention. You really oughta grow up and get a life instead of tormenting people from behind a screen like a fucking coward. If I were you, I'd delete my Google account right now because Bungie (and probably even Google) are gonna come after you hard."

96.     Meanwhile, two YouTubers, Aussiehalo and Breshi, each forwarded Bungie's community team an email purporting to be from the "Jeremy Wilands" account taking credit for the fraud (the "Manifesto").

97.     The Manifesto reads like a hackneyed "look what you made me do" letter from the serial killer in a bad novel:

> Greetings. I'm one of the people who filed false takedowns on videos uploaded by you and others in the *Destiny* community. The other person filing takedowns is "davidthomsoncsc@gmail.com", whom I will refer to as "David Thomson". I'm not aware of any other email addresses that are being used to issue fraudulent takedowns. I am also keeping some parts of this email confidential for obvious reasons.
>
> With that said, there's more to this that you should know.
>
> 1. As is obvious, <u>I'm not employed by CSC and I have no affiliation with Bungie. The same applies to "David Thomson"</u>.
>
> 2. YouTube's copyright takedown system is incredibly flawed. Their verification system for takedown requests is so gullible that people, such as I and "David Thomson", are able to file takedowns without any legitimacy to our names. If you're looking to place blame, place it on YouTube for its sloppy copyright takedown system and Bungie for ignoring this issue

COMPLAINT – 19


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1

2   for so long

3   I could tell you how I got YouTube to think I was a legitimate
    representative for Bungie. All it took was a single sentence. <u>No
    documents, no license, no private information.</u>

4

5   **Also, I did not issue takedowns on Bungie's own channels.**
    Whoever did that is further proof that YouTube doesn't verify
    the identities of takedown claimants.

6

7   3.  I was directly affected by false takedowns from "David
        Thomson" several months ago, and many others were issued

8       false takedowns by this person over the past several years. I
        believed with enough attention, Bungie might have been

9       prompted to step in. The first few channels that were hit by
        takedowns didn't seem to grab anyone's attention, so I had to

10      escalate the matter.

11      *If I hadn't escalated the issue, many people would not have had their
        takedowns removed.*

12

13  You may choose not to believe me, but at least I responded to some of the
    people whose videos I took down. The other frauds like "David

14  Thomson" never reply because they're spiteful cowards who want their
    victims to feel helpless and afraid. **<u>"David Thomson" has also been

15  issuing false takedowns for years</u>** with no repercussions. Although,
    unlike me, they have been playing it safe up until now by only issuing

16  takedowns on a few videos to avoid Bungie's radar. I intended to get
    caught so that Bungie would take heed of the corruption that has been

17  ensuing in the center of their YouTube community.

18

19  I fully intended to retract my takedowns and stop issuing them after
    Bungie had acknowledged the issue and begun restoring people's

20  videos/channels or otherwise.

21  If "David Thomson" went after more videos I wouldn't be able to remove
    the takedowns, since takedowns can only be retracted from the original

22  claimant's email address. Otherwise, I would have undone all of their
    actions and prevented this altogether.

23

24  None of this was about copyright infringement, nor did it have anything
    to do with the Sony acquisition. In the future, you should expect the

25  claimant's email address in the "**contact info**" field of a copyright

26  takedown notice made on behalf of a large studio like Bungie to originate

27

COMPLAINT – 20



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1

2

from a domain other than Gmail when determining its legitimacy.

3

Finally, I know this hardly means anything, but I apologize to you and
everyone else who was affected by my selfish actions. You have every
right to be furious with me. My goal was to get Bungie to see the fake
takedowns and stop them. That's all.

4

5

6

**FIRST CAUSE OF ACTION**
**(DMCA 512(f) – FRAUDULENT NOTICE)**

7

8

98.     Bungie repeats and realleges the allegations of Paragraphs 1- 97 of this

9

Complaint as though fully set forth herein.

10

99.     Bungie holds the copyrights to the *Destiny* and *Destiny 2* games and their

11

components, including the music and art used in the games.

12

100.    Bungie holds more than 200 copyright registrations, including

13

Registration No. PA 2-282-670 (for *Destiny 2*), Registration No. PA 2-280-030 (for *Destiny*

14

*2: Beyond Light*), and Registration No. SRu001441990 (for the audio recording of Deep

15

Stone Lullaby, among other then-unpublished sound recordings).

16

101.    While Bungie is not yet aware of the specific content alleged in each of the

17

Fraudulent Takedown Notices to have been infringed, upon information and belief each

18

alleged infringement was an alleged infringement of content for which Bungie has

19

registered the copyright or for which only Bungie is capable of registering a copyright,

20

including content s from *Destiny 2: The Witch Queen*.

21

102.    Bungie did not authorize Doe Defendants to submit DMCA notices on its

22

behalf.

23

103.    Doe Defendants had no right to submit the Fraudulent Takedown Notices.

24

104.    At least some of the content that was the subject of the Fraudulent

25

Takedown Notices was not infringing, because, upon information and belief, it

26

complied with Bungie's intellectual property policy and therefore the YouTubers who

27

COMPLAINT –  21


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

posted it did so under license from Bungie.

105.    Upon information and belief, Doe Defendants knew they had no right to submit the Fraudulent Takedown Notices.

106.    Upon information and belief, Doe Defendants knew that the contents of the videos they were targeting were either non-infringing or not in violation of Bungie's guidelines.

107.    The Fraudulent Takedown Notices were based on knowing and material misrepresentations, in violation of 17 U.S.C. § 512(f).

108.    Moreover, upon information and belief at least some of the Doe Defendants, relying on the confusion caused by their fraudulent activity, also filed knowingly false counternotices challenging the legitimacy of the valid DMCA notices addressed to their infringing content, in violation of 17 U.S.C. § 512(f).

109.    As a result of Defendant's acts alleged herein, Bungie incurred costs and expenses, including attorneys' fees, and has suffered, is suffering, and will continue to suffer substantial damage to its business in the form of lost profits and injury to its goodwill and reputation.

110.    Bungie is thus entitled to damages in an amount to be proven at trial, and preliminary and permanent injunctive relief.

<div align="center">

**SECOND CAUSE OF ACTION**
**(FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a))**

</div>

111.    Bungie repeats and realleges the allegations of Paragraphs 1-110 of this Complaint as though fully set forth herein.

112.    Bungie is the owner of U.S. Trademark Registration Number 2038273, for "BUNGIE" (the "BUNGIE Mark").

113.    YouTube is a service as that term is used in the Lanham Act.

COMPLAINT – 22



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com


114. YouTube's DMCA reporting system is a service as that term is used in the Lanham Act.

115. Submission of a DMCA takedown notice to YouTube is an act that impacts interstate commerce and, therefore, is "commercial activity" under the Lanham Act.

116. By submitting the Fraudulent Takedown Notices to YouTube under the name "Bungie, Inc.," Doe Defendants used the BUNGIE Mark in connection with a service.

117. Doe Defendants' use of the BUNGIE Mark was likely to and in fact did cause confusion and mistake, and was likely to and did in fact deceive, as to the association of Doe Defendants with Bungie and as to Bungie's sponsorship or approval of the submission of the Fraudulent Takedown Notices, in violation of 15 U.S.C. § 1125(a).

118. Under 15 U.S.C. § 1117(a), Plaintiff is entitled to relief including, but not limited to Bungie's damages to be proven at trial, and the costs of this action.

119. In addition, Doe Defendants have admitted that they were aware of the fraudulent nature of their conduct, and acted willfully.

120. As such, Bungie is entitled to an award of treble damages and attorneys' fees.

121. In addition, Bungie is entitled to preliminary and permanent injunctive relief.

**THIRD CAUSE OF ACTION**
**(COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501 *et seq*)**

122. Bungie repeats and realleges the allegations of Paragraphs 1-121 of this Complaint as though fully set forth herein.

TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

123.    Bungie holds more than 200 copyright registrations, including Registration No. PA 2-282-670 (for Destiny 2), Registration No. PA 2-280-030 (for *Destiny 2: Beyond Light)*, and Registration No. SRu001441990 (for the audio recording of Deep Stone Lullaby, among other then-unpublished sound recordings).

124.    While Bungie is not yet aware of the specific content alleged in each of the Fraudulent Takedown Notices to have been infringed, upon information and belief each alleged infringement was an alleged infringement of content for which Bungie has registered the copyright.

125.    By submitting the Fraudulent Takedown Notices, Doe Defendants infringed Bungie's right under 17 U.S.C. § 106 to authorize the public display and performance of its copyrighted works.

126.    That infringement was willful, as evidenced by the Manifesto.

127.    As such, Bungie is entitled to damages and injunctive relief, including enhanced statutory damages of $150,000 for each Fraudulent Takedown Notice that willfully infringed Bungie's copyrights.

128.    In addition, upon information and belief, in or about March 2022, content uploaded to YouTube by one or more of the Doe Defendants was the subject of DMCA takedown notices submitted on Bungie's behalf.

129.    Until Doe Defendants are identified, Bungie cannot determine with certainty which of its copyrighted content Doe Defendants infringed, but, upon information and belief, Doe Defendants infringed content in which Bungie held a registered copyright, including, *at the very least*, PA 2-282-670.

130.    While as a general policy and in the absence of factors beyond simply an infringing upload Bungie does not typically sue infringers whose uploads were the subject of a DMCA notice, Doe Defendants' malicious conduct in filing the Fraudulent Takedown Notices is more than enough, in Bungie's judgment, to qualify as an

COMPLAINT – 24



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1   "additional factor" warranting an infringement suit for any infringement that was the

2   subject of a legitimate DMCA notice.

3       131.    Bungie is thus entitled to actual or statutory damages for Doe Defendants'

4   infringements that were the subject of the DMCA notices directed at Doe Defendants'

5   uploads, as well as preliminary and permanent injunctive relief, costs, and attorneys'

6   fees.

7                          **FOURTH CAUSE OF ACTION**
                           **(BUSINESS DEFAMATION)**
8

9       132.    Bungie repeats and realleges the allegations of Paragraphs 1-131 of this

10  Complaint as though fully set forth herein.

11      133.    Doe Defendants' Fraudulent Takedown Notices included the false claim

12  that the Fraudulent Takedown Notices were submitted either by or on behalf and with

13  the authorization of Bungie.

14      134.    Doe Defendants made that false claim with actual knowledge of its falsity.

15      135.    Doe Defendants made that false claim with actual knowledge that, in

16  implementing a DMCA takedown, YouTube would pass along that false assertion to the

17  targeted YouTubers.

18      136.    Upon information and belief, Doe Defendants made that false claim with

19  the intent that the targeted YouTubers would report to their subscribers, followers, and

20  friends that Bungie had taken down their videos and/or channels.

21      137.    Upon information and belief, Doe Defendants' intent was to cause anger

22  and consternation at Bungie within the *Destiny* community, so as to "get Bungie's

23  attention" and/or to stop Bungie from sending future, legitimate takedown notices

24  against the Doe Defendants' own illegally-uploaded content.

25      138.    This intentional and malicious conduct resulted in harm to Bungie's

26  reputation.

27

COMPLAINT – 25



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

139.    As a direct result of Doe Defendant's defamatory statements, Bungie has incurred, and continues to incur, damages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WASHINGTON
### CONSUMER PROTECTION ACT, RCW 19.86.020)

140.    Bungie repeats and realleges the allegations of Paragraphs 1-139 of this Complaint as though fully set forth herein.

141.    Doe Defendants have engaged in unfair and deceptive acts by fraudulently impersonating Bungie to issue false takedown notices.

142.    Doe Defendants' practices occurred in trade or commerce.

143.    As alleged in the Counts of this Complaint, Doe Defendants' actions were unlawful.

144.    Moreover, Doe Defendants' Manifesto, in effect, is calculated to discredit the authenticity of takedown notices legitimately issued by Bungie's authorized brand protection personnel by claiming, falsely, that DMCA notices issued by the authorized vendor were also fraudulent.

145.    Doe Defendants' Manifesto has already resulted in confusion among the creator community, causing at least one recipient of a legitimate copyright notice to file a copyright counter notice on the improper basis that the authorized brand protection agent was otherwise.

146.    Moreover, there is a strong public interest in protecting creators and businesses from bad actors impersonating and misrepresenting them in the marketplace in order to fraudulently exploit their intellectual property rights to the detriment of the true rightsholders and other parties.

147.    Doe Defendants' unfair and deceptive acts have directly and proximately

COMPLAINT – 26



TBILLICK
LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

caused Bungie to incur, and to continue incurring, damages.

148.    As a result of the foregoing, Bungie is entitled to an award of damages in an amount to be proven at trial, and treble damages and attorneys' fees as allowed under the statute.

<div align="center">

**SIXTH CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

</div>

149.    Bungie repeats and realleges the allegations of Paragraphs 1-148 of this Complaint as though fully set forth herein.

150.    The LSLA is a valid, binding contract between Bungie and each individual player of *Destiny 2*.

151.    *Destiny 2* cannot be played unless the user agrees to Bungie's LSLA.

152.    The LSLA is displayed in full for the user in the game client prior to the user's first play.

153.    The LSLA is also made easily and readily available on Bungie's website.

154.    Upon information and belief, based on the fact that Doe Defendants uploaded videos that contained content infringing Bungie's copyrights and therefore must have played *Destiny 2*, Doe Defendants agreed to the LSLA.

155.    The LSLA prohibits users from "copy[ing], reproduce[ing], distribut[ing], display[ing] or us[ing] any part of [Destiny 2] except as expressly authorized by Bungie."

156.    Upon information and belief, Doe Defendants' display and use of *Destiny 2* to create the content that was the subject of a valid takedown request was not expressly authorized by Bungie.

157.    Doe Defendants have thus breached the LSLA, and Bungie is entitled to damages in an amount to be proven at trial.

COMPLAINT – 27



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury as to all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bungie, Inc., prays for the following relief:

    A.  Damages in an amount to be proven at trial;

    B.  Preliminary and permanent injunctive relief barring Defendants, and anyone acting in concert with them, from impersonating Bungie or further infringing Bungie's copyrights or trademarks;

    C.  Costs, attorneys' fees, interest, and punitive damages as allowed by law; and

    D.  Such other relief as the Court deems just and proper.

DATED this 24th day of March, 2022

By _____

Tim J. Billick, WSBA No. 46690
TBILLICK LAW PLLC
600 First Ave
Seattle, WA 98101
Ph. (206) 494-0020
E-mail: tim@tbillicklaw.com

/s/ Akiva M. Cohen
Akiva M. Cohen, NY Bar No. 4328969
(*pro hac vice* pending)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway

COMPLAINT – 28



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1

2

New York, NY 10019
Ph: (212) 400-4930
Email: acohen@kusklaw.com

3

4

5

6

7

*/s/ Dylan M. Schmeyer*_____
Dylan M. Schmeyer, CO Bar No. 50573
(*pro hac vice* pending)
KAMERMAN, UNCYK, SONIKER &
KLEIN P.C.
Ph: (719) 930-5942
Email: dschmeyer@kusklaw.com

8

*Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT – 29

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com