Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BUNGIE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES NO. 1-10,<br>Defendants. | Case No. 2:22-cv-371-MJP<br><br>MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA ON GOOGLE, LLC PRIOR TO DISCOVERY CONFERENCE<br><br>NOTING DATE: APRIL 22, 2022 |

Plaintiff Bungie, Inc. ("Bungie") respectfully submits this memorandum of law in support of its motion for leave to serve a third-party subpoena on Google, LLC ("Google") in advance of holding a Rule 26(f) conference.

BUNGIE MOTION FOR LEAVE
TO SERVE THIRD PARTY
SUBPOENA TO GOOGLE
PRIOR TO DISCOVERY
CONFERENCE – 1

TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Bungie is suing a series of John Doe defendants who anonymously weaponized Google's DMCA notice process to fraudulently take down videos that made authorized use of Bungie's copyrighted material, after themselves infringing Bungie's copyrights.

As part of its diligent efforts to identify the John Doe defendants – which must happen before Bungie can hold a Rule 26(f) conference – Bungie served a 512(h) subpoena[1] on Google. Google, for reasons known only to Google but that will exacerbate the initial fraud (through both Google's unsecured DMCA process and its refusal to expeditiously mitigate harm to Bungie and an as-yet unknown number of content creators when Bungie called the fraud to Google's attention), has now opted to protect the fraudsters by refusing to produce even a single document in response to Bungie's valid subpoena and raising a series of spurious objections to same.

Combined with Google's ongoing refusal to provide Bungie with so much as a list of DMCA notices that Google processed purportedly on behalf of Bungie, Google's refusal to respond also stands in the way of ascertaining the

---

[1] A copy of the 512(h) subpoena is annexed to the accompanying Declaration of Akiva M. Cohen (the "Cohen Dec.") as Exhibit 1.

BUNGIE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA TO GOOGLE PRIOR TO DISCOVERY CONFERENCE - 2



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

true scope of the harm caused by this fraud. As Google has entirely ignored Bungie's request to meet and confer on its frivolous objections, Bungie intends to move in the Northern District of California (the Court with personal jurisdiction over Google) to compel production. But in a belts-and-suspenders effort to minimize the issues for judicial resolution, and in the last-ditch (and in all likelihood forlorn) hope that Google might take a more reasonable position that could avoid the need for judicial involvement entirely, Bungie also asks that the Court authorize Bungie to serve a Rule 45 subpoena for the same information on Google, notwithstanding that no Rule 26(f) conference has yet been held.

And Google's objections[2] *are* frivolous. For example, it objected to production under Section 512(h) on the basis that the subpoena is not directed at identifying an alleged infringer, because Google apparently does not believe that sending fraudulent DMCA takedown notices is copyright infringement. (Cohen Dec. Ex. 2 at p. 1.) In addition to being wrong (because the right to authorize the videos that the Doe defendants caused to be removed is Bungie's under 17 U.S.C. § 106), the Complaint *also* specifically alleges that the anonymous fraudsters themselves made unauthorized use of Bungie's copyrighted material. (Complaint

---

[2] A copy of Google's correspondence is annexed to the Cohen Dec. as Exhibit 2.

BUNGIE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA TO GOOGLE PRIOR TO DISCOVERY CONFERENCE - 3



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

at ¶ 41.) Similarly, Google objects that Bungie lacks a good faith belief that the fraudsters are subject to personal jurisdiction based on "[c]asual review of the publicly available videos by several of these users," (Cohen Dec. Ex. 2 at p. 1) – when the Complaint specifically alleges that the defendants are subject to personal jurisdiction because they signed a contract (Bungie's Limited Software License Agreement) consenting to personal jurisdiction in this Court. (Complaint at ¶ 16.) The remaining objections (which will be dealt with in the motion to compel) fare no better.

Normally, Bungie's counsel would have discussed these issues with Google's counsel and, hopefully, resolved at least some of them. And Google's letter does specifically request "the opportunity to meet and confer" before Bungie sought any such relief. (Cohen Dec., Ex. 2 at 2-3.) But in a tragi-comic echo of how we got here in the first place, Google provided no meaningful contact information to enable that meet and confer to take place: it did not identify any individual for Bungie's counsel to speak with, provided no contact phone number, and no individual email. *Id.* Instead, Google simply provided its generic google-legal-support@google.com address. *Id.* And that address appears to be a black hole; upon receipt of Google's letter, Bungie's counsel immediately reached out to schedule a meet and confer. (Cohen Dec., ¶ 4). days later, Google

BUNGIE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA TO GOOGLE PRIOR TO DISCOVERY CONFERENCE - 4



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

still has not even acknowledged receipt of that request, let alone responded to it with proposed dates. *Id.*

In sum, Google continues to refuse to take its legal obligations seriously. There comes a point at which Google has ceased to act in a manner consistent with protection under 17 U.S.C. 230 and has joined with the fraud artists in perpetrating their harms against Bungie, but Bungie does not believe that the time to evaluate that has yet been reached. Because Bungie cannot hold a Rule 26 conference until it identifies the defendants, Bungie respectfully requests that the Court grant Bungie leave to serve a Rule 45 subpoena on Google, in the form attached as Exhibit 3 to the Cohen Dec., despite the fact that no such conference has yet been held.  *See Youngblood v. 5 Unknown Cim Corr. Officers*, 536 F. App'x 758 (9th Cir. 2013) (trial court should have authorized pre-Rule 26 conference Rule 45 subpoenas as a means to identify unknown defendants instead of dismissing complaint for failure to serve), *quoting Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (where a claim is against John Doe defendants, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); *Amazon.com, Inc. v. Masseags*, No. 2:21-CV-1456-BJR, 2022 WL 874728, at *1 (W.D. Wash. Mar. 24, 2022) (granting leave to serve Rule 45 subpoenas to identify unknown defendants before the Rule 26(f) conference);

BUNGIE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA TO GOOGLE PRIOR TO DISCOVERY CONFERENCE - 5



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

*Amazon.com, Inc. v. Yong*, No. 21-170RSM, 2021 WL 1237863, at *2 (W.D. Wash. Apr. 2, 2021) (granting motion; "Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served"); *Taylor v. Asset, Consulting Experts, LLC*, No. 2:18-CV-236-RSL, 2019 WL 2248102, at *1 (W.D. Wash. May 24, 2019) (noting that the Court had previously granted the plaintiff such leave). And the requested Rule 45 subpoena would obviate Google's (baseless) 512(h)-specific objections, and thereby meaningfully narrow the issues for what Bungie regretfully anticipates will be a motion to compel in the Northern District of California. The motion should be granted.

DATED this 6th day of April, 2022

By _____
Tim J. Billick, WSBA No. 46690
TBILLICK LAW PLLC
600 First Ave
Seattle, WA  98101
Ph. (206) 494-0020
E-mail: tim@tbillicklaw.com

/s/ *Akiva M. Cohen*
Akiva M. Cohen, NY Bar No. 4328969
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
1700 Broadway
New York, NY 10019

BUNGIE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA TO GOOGLE PRIOR TO DISCOVERY CONFERENCE - 6



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Ph: (212) 400-4930
Email: acohen@kusklaw.com

*/s/ Dylan M. Schmeyer*
Dylan M. Schmeyer, CO Bar No. 50573
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER & KLEIN P.C.
Ph: (719) 930-5942
Email: dschmeyer@kusklaw.com

*Attorneys for Plaintiff*

BUNGIE MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA TO GOOGLE PRIOR TO DISCOVERY CONFERENCE - 7

TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com