1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC.,

Plaintiff,

v.

JOHN DOES NO. 1-10,
Defendants.

Case No. 2:22-cv-371-MJP

AKIVA COHEN DECLARATION IN
SUPPORT OF MOTION FOR LEAVE
TO SERVE A THIRD-PARTY
SUBPOENA ON GOOGLE, LLC
PRIOR TO DISCOVERY
CONFERENCE

1.  I am a Partner at Kamerman, Uncyk, Soniker, & Klein, P.C., attorneys

for Bungie, Inc. ("Bungie"), and submit this declaration in support of Bungie's

Motion for Leave to Serve a Third-Party Subpoena on Google, LLC ("Google"). I

COHEN DECLARATION ISO
BUNGIE MOTION FOR LEAVE
TO SERVE THIRD PARTY
SUBPOENA TO GOOGLE
PRIOR TO DISCOVERY
CONFERENCE – 1

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

have personal knowledge of the facts submitted herein, and could and would

testify competently to them if called to do so.

2.  On March 29, 2022, Bungie served a subpoena on Google pursuant to 17

U.S.C. 512(h). A true and correct copy of this subpoena is attached hereto as

Exhibit 1.

3.  On April 4, 2022, Google responded with a letter indicating that they

would not be producing documents in response to the subpoena "because it is

improper and because the request is otherwise objectionable." A true and correct

copy of Google's response is attached hereto as Exhibit 2.

4.  Upon receipt, I immediately responded requesting a meet and confer as

directed. As of the filing of this motion, I have received no response to that email.

5.  A true and correct copy of the Rule 45 subpoena Bungie intends to

serve on Google is annexed hereto as Exhibit 3.

DATED this 24th day of March, 2022

/s/  Akiva M. Cohen
Akiva M. Cohen, NY Bar No. 4328969
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER &
KLEIN P.C.
1700 Broadway New York, NY 10019
Ph: (212) 400-4930
Email: acohen@kusklaw.com

BUNGIE MOTION FOR LEAVE
TO SERVE THIRD PARTY
SUBPOENA TO GOOGLE
PRIOR TO DISCOVERY
CONFERENCE - 2



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Washington

| | | |
|---|---|---|
| BUNGIE, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:22-cv-371 |
| JOHN DOES NO. 1-10 | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              GOOGLE LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibits A, B, C, attached hereto

| Place: TBillick Law<br>600 1st Ave, First Floor<br>Seattle, WA 98101 and via email tim@tbillicklaw.com | Date and Time:<br><br>04/18/2022 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      3/29/2022

CLERK OF COURT

_____      OR      _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Bungie, Inc.
_____ , who issues or requests this subpoena, are:

Tim Billick; TBillick Law PLLC 600 1st Ave, Seattle WA 98101; 206-494-0020

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:22-cv-371

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## DEFINITIONS

1.      The use of the singular includes the plural and vice versa; and the use of the masculine includes the feminine and vice versa.

2.      "And" and "or" shall be used interchangeably to include both the disjunctive and the conjunctive.

3.      All verbs shall include all tenses.

4.      "You" or "your" means Google, Inc., your predecessors, successors, all past and current directors, officers, agents, employees, representatives, servants, consultants, investigators, and any person (as defined herein) who acted or purported to act, or who is acting or purporting to act, for Google, Inc. or on your behalf, including your attorneys and their agents, employees, representatives, servants, consultants, investigators, or anyone acting for them or on their behalf in connection with this litigation.

5.      "All facts" or "any facts" means each and every event, act, omission, incident, condition, or circumstance related to the subject matter of the Request where used (collectively "the event"), including the dates of the event, the identification of all persons who witnessed the event, and the identification of all persons who, although not a witness to the event, have personal knowledge of the event or some aspect of the event.

6.      "Document" or "documents" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall mean and include, without limitation, the original, any draft, any revision and each non-identical copy of any writings, drawings, graphs, charts, photographs, phono-records, recordings, videotape, CD, DVD, microfilm, film, data processing files, and any other computer readable files, programs, utilities or other data compilations from which information can be obtained, translated, or transcribed, if necessary, by the requesting party through detection devices into reasonably usable form, including, without limitation, correspondence, memoranda,

notes, scraps of paper, diaries, calendars, reports, telegrams, TWX's, telephone logs, e-mail,
vouchers, invoices, journals, bills, orders, time slips or records, receipts, summaries, pamphlets,
books, contracts, statistics, minutes, studies, tests and test reports, returns, computations, logs,
financial records or statements, checks, bank statements, medical records, X-rays, laboratory reports
or orders, otherwise memorialized or communicated matter, whether typed, printed, photocopied,
filmed, microfilmed, or recorded in any manner, from whatever source received, in your possession
or contract.

7.      "Communication" or "communications" shall mean, including, but not limited to,
correspondence, memoranda, notes, transmittals, or other written material.

8.      "Person" or "persons" shall mean any or all entities, including without limitation,
individuals, associations, corporations, including their affiliates, parents or subsidiaries, companies,
partnerships, joint ventures, sole proprietorships, firms, trust, estates, agencies or governmental
entities.

9.      "Related to," "relating to," or "relates to" means supporting, connected with, regarding,
constituting, containing, discussing, concerning, referring to, evidencing, or in any way pertaining to
the subject matter of the Request where used.

10.     "Linked" means both (1) any Google account that can be switched to from the referenced
account, as described at
https://support.google.com/accounts/answer/1721977?hl=en&co=GENIE.Platform%3DDeskto
p; and (2) any "Linked account" as described at
https://support.google.com/accounts/answer/10130420#linked

# **INSTRUCTIONS**

1. When the identification of a person is requested:

   A. if the person is an individual, please state the person's full name, the name of the person's employer or business affiliation, the person's job title, the person's business address and business telephone number, any business relationship between you and the person, and the dates, if any, of any commencement or termination of the person's employment or other association with you; and

   B. if the person is not an individual, please state the person's full name, current address, a description of the entity, whether a corporation, general partnership, limited partnership or some other form, the identity of the individual who has the highest title or position of authority within the entity, and any past or present business relationships between you and the entity.

2. "Identify," when used with respect to a document, means to state (a) the type of document (e.g., letter, memorandum, handwritten note), (b) its title, and name or number, if any, (c) its date, (d) its author and addressee, (e) its last known custodian or location, (f) a brief description pf its subject matter, and (g) its size, length, or number of pages, as appropriate.

3. "Identify," when referring to any act, means to state (a) the substance of the event or events constituting each act, (b) the location of each act, (c) the date of each act, (d) the identity of all persons involved in each act, and (d) the identity of any documents arising from, reflecting, recording or relating to each act.

4.  "Identify," when referring to any oral communication means to state (a) the date of the communication, (b) the type of communication (e.g., phone conversation, face-to-face meeting, etc.), (c) the identity of the person initiating the communication, (d) the identity of the person or persons to whom the communication was directed, (e) the identity of all other persons who were present when the communication was made or who heard the communication, (f) the subject matter of the communication, and (g) the identity of any documents arising from, reflecting, recording, or relating to the communication.

5.  Each request seeks any and all responsive documents in your possession, custody, or control.

6.  If you object, in whole or in part, to the production of any requested document, on the ground that information contained in the document is privileged or otherwise not discoverable, identify each such document or thing in accordance with Paragraph 2 above, and, for each such identified document or thing, state the privilege claimed or the grounds for objection, identify each person other than the addressee who received or was shown a copy of the document or thing, identify all acts and persons referred to in the document or thing, and describe all facts upon you base the assertion of the privilege or grounds for objection.

7.  If any responsive document or thing is no longer in existence, cannot be located, or is not in your possession, custody or control, identify each such document or thing in accordance with Paragraph 2 above, and, for each such identified document or thing, identify its date, its subject matter, the name, home address, home telephone number, employer, employer's

address, and business telephone number of each person who prepared it, each person who

received an original or copy of the document or thing, each person who was shown an

original or copy of the document or thing, each person who has, or may have had, past or

present possession of the document or thing, or who has, or may have, knowledge or

information relating to the document or thing, and the reason the document or thing is no

longer in existence or in your possession, custody, or control.

## **DOCUMENTS TO BE PRODUCED**

1. Identify and produce Documents relating to the Gmail address
   jeremywilandcsc@gmail.com, including but not limited to Documents sufficient to
   identify the individual or entity who opened the account, the date and time the account
   was opened, a list of all DMCA notices associated with the account, and a list of email
   addresses with whom the account corresponded between March 1, 2022 and the date of
   production.

2. Identify and produce Documents relating to the Gmail address
   damianreynoldscsc@gmail, including but not limited to Documents sufficient to identify
   the individual or entity who opened the account, the date and time the account was
   opened, a list of all DMCA notices associated with the account, and a list of email
   addresses with whom the account corresponded between March 1, 2022 and the date of
   production.

3. Identify and produce Documents sufficient to Identify any accounts Linked to the
   damianreynoldscsc@gmail.com account.

4. Documents sufficient to Identify any accounts Linked to the
   jeremywilandcsc@gmail.com account.

5. Documents sufficient to identify all individual Gmail accounts, and information
   sufficient to identify all persons who registered those accounts, that were used to issue
   DMCA takedown requests purporting to be Bungie, Inc.'s authorized representative(s)
   from the dates March 17 through March 30.

# Exhibit B

Excerpt of Copyright Code, 17 U.S.C. § 512(h)

Subpoena To Identify Infringer.—

(1) Request.— A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

(2) Contents of request.— The request may be made by filing with the clerk—

(A) a copy of a notification described in subsection (c)(3)(A);

(B) a proposed subpoena; and

(C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

(3) Contents of subpoena.— The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

(4) Basis for granting subpoena.— If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

(5) Actions of service provider receiving subpoena.— Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

(6) Rules applicable to subpoena.— Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.

# Exhibit C

Tim J. Billick, WSBA 46690

TBILLICK LAW

600 1st Ave

Seattle, WA 98104

Ph. 206-494-0020

tim@tbillicklaw.com

Akiva M. Cohen, NY Bar No. 4328969

(*pro hac vice* pending)

Ph. (212) 400-4930

acohen@kusklaw.com

Dylan M. Schmeyer, CO Bar No. 50573

(*pro hac vice* pending)

Ph. (719) 930-5942

dschmeyer@kusklaw.com

KAMERMAN, UNCYK, SONIKER & KLEIN P.C.

1700 Broadway

New York, NY 10019

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| BUNGIE, INC.,<br><br>                          Plaintiff,<br><br>          v.<br><br>JOHN DOES NO. 1-10,<br>Defendants. | Case No. 2:22-cv-371<br><br>DECLARATION OF TIM J. BILLICK |

This declaration is given by Tim J. Billick pursuant to 28 U.S.C. § 1746:

1.       My name is Tim J. Billick. I represent Bungie, Inc. in this matter. I am over the age

of twenty-one (21) years and have personal knowledge of the below facts.

BILLICK DECLARATION RE 17 U.S.C. § 512(h) – 1

TBILLICK

LAW

600 1st Ave

Seattle, WA 98104

206.494.0020

tim@tbillicklaw.com

2.      The included subpoena is sought to obtain the identity of one or more alleged

infringer(s) in connection with this matter, specifically those who issued fraudulent

takedown requests as described in the Complaint. Such information will only be used for

the purpose of protecting rights under Title 17 of the U.S. Code.

3.      The following is a true and accurate screen capture indicating one of the false

DMCA takedown requests at issue in this complaint:



Dated: 3/28/22

By _____

Tim J. Billick, WSBA No. 46690
TBILLICK LAW PLLC
E-mail:  tim@tbillicklaw.com

BILLICK DECLARATION RE 17 U.S.C. § 512(h) – 2



TBILLICK
LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1

600 First Ave
Seattle, WA 98101
Telephone: (206) 494-0020

2

3

*/s/ Akiva M. Cohen*
Akiva M. Cohen, NY Bar No. 4328969
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER &
KLEIN P.C.
1700 Broadway
New York, NY 10019
Ph: (212) 400-4930
Email: acohen@kusklaw.com

4

5

6

7

8

9

*/s/ Dylan M. Schmeyer*
Dylan M. Schmeyer, CO Bar No. 50573
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER &
KLEIN P.C.
Ph: (719) 930-5942
Email: dschmeyer@kusklaw.com

10

11

12

13

*Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BILLICK DECLARATION RE 17 U.S.C. § 512(h) – 3



IN THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | | | |
|---|---|---|---|
| **BUNGIE, INC.** | | Cause No.: | **2:22-CV-371** |
| | Plaintiff/Petitioner | Hearing Date: | **04/18/2022** |
| vs. | | | |
| **JOHN DOES NO. 1-10** | | DECLARATION OF SERVICE OF | |
| | Defendant/Respondent | **SUBPOENA** | |

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, a resident of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness

On the **29th day of March, 2022** at **1:14 PM** at the address of **300 DESCHUTES WAY SW STE 208 MC-CSC1, Tumwater, Thurston County, WA 98501**; this declarant served the above described documents upon **Google LLC** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Sam Jones. I delivered the documents to Sam Jones who indicated they were the person authorized to accept with identity confirmed by subject saying yes when named. The individual accepted service in accordance with social distancing requirements (placed the documents in a clearly visible place at least six feet away from the subject and advised the subject to retrieve them after stepping away). The individual appeared to be a brown-haired white male contact 25-35 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with a beard.**.
No information was provided or discovered that indicates that the subjects served are members of the United States military.



For: **TBillick Law PLLC**
Ref #: **REF-9827610**

**ORIGINAL PROOF OF SERVICE**
PAGE 1 OF 2

Tracking #: **0084952601**

# EXHIBIT 2



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

April 4, 2022

*Via Email and Express Courier*
*tim@tbillicklaw.com*

Tim Billick
TBillick Law PLLC
600 1 st Ave
Seaattle, Washington 98101

**Re:** ***Bungie, Inc v. John Does No.1-10***, **United States District Court for the Western District of Washington, 2:22-cv-371 (Internal Ref. No. 14141652)**

Dear Tim Billick:

Dear Mr. Billick,

Google LLC ("Google"), a non-party to your litigation, has received the documents you submitted to the Clerk of the Court, filed March 28, 2022, which include a proposed subpoena under 17 U.S.C. § 512(h) ("Proposed Subpoena").

As set forth more fully in the objections below, Google will not produce documents in response to the Proposed Subpoena because it is improper and because the request is otherwise objectionable. Please contact us to meet and confer if you disagree with any of our objections.

**The Proposed Subpoena is Outside the Scope of Section 512(h)**

Section 512(h) of the Copyright Act provides only for the production of information sufficient to identify an alleged infringer of copyright. To be valid, an application for a DMCA subpoena must include a copy of a Section 512(c)(3)(A) notification alleging that the target of the subpoena is an infringer. See 17 U.S.C. § 512(h)(2)(A). The Proposed Subpoena instead seeks information sufficient to identify senders of copyright removal requests that you allege were fraudulent, not infringers. It also seeks a list of email addresses belonging to correspondents of those notice senders. Section 512(h) does not authorize the production of such information. Google may be willing to produce responsive information, to the extent it exists, pursuant to appropriate legal process.

**Personal Jurisdiction**

Google objects to the Proposed Subpoena to the extent any of the implicated users do not reside in the United States and you therefore lack a good faith belief that they are subject to personal jurisdiction in U.S. courts. See AF Holdings, LLC v. Does 1-1058, 752 F.3d 990, 995 (D.C. Cir. 2014) ("a plaintiff pursuing discovery . . . regarding unknown defendants must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant[s].") (internal quotation marks omitted). Casual review of the publicly-available videos by several of these users would reveal that they do not reside in the United States.

**General Data Protection Regulation**

Google objects to the Proposed Subpoena to the extent that your request relates to the data of

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

users of Google's services within the European Economic Area (EEA) and/or Switzerland. Google Ireland Limited is the controller responsible for the personal data of users of most of Google's consumer services in the EEA and Switzerland (including Gmail, Drive, and YouTube). Such requests relate to services provided by Google Ireland Limited, which is incorporated in Ireland and which operates under Irish law. Google Ireland Limited requires binding legal process issued by an Irish court or under Irish law which must be validly served on Google Ireland.

**User Notification**

      Google objects to the Proposed Subpoena to the extent it fails to allow sufficient time for Google to notify the affected users and for the users to assert their rights in response. Google provides its users at least 10 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies one or more Google accounts, Google intends to forward notice of this matter, including your name and contact information, to the user(s) at the email address(es) they have provided.

**Additional Objections**

1. Google objects to the Proposed Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Proposed Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Proposed Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

2. Google objects to the Proposed Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Google objects to the Proposed Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.

4. Google objects to the Proposed Subpoena including but not limited to the requests for "any accounts Linked" to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Proposed Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Proposed Subpoena. Google is willing to meet and confer to discuss any preservation request.

5. Google objects to the Proposed Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.

6. Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Proposed Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. See Fed. R. Civ. P. 45(c)(2)(A).

7. Google objects to the Proposed Subpoena to the extent it requests information created subsequent to the issuance of the legal process.

      Google reserves the right to further object to the Subpoena in any additional response.

      If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

Very truly yours,
/s/  Neha Reddy
Legal Investigations Support

# EXHIBIT 3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: via email: tim@tbillicklaw.com<br>TBillick Law PLLC<br>600 1st Ave, Seattle, WA 98104 | Date and Time: |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## **DEFINITIONS**

1.      The use of the singular includes the plural and vice versa; and the use of the masculine includes the feminine and vice versa.

2.      "And" and "or" shall be used interchangeably to include both the disjunctive and the conjunctive.

3.      All verbs shall include all tenses.

4.      "You" or "your" means Google, Inc., your predecessors, successors, all past and current directors, officers, agents, employees, representatives, servants, consultants, investigators, and any person (as defined herein) who acted or purported to act, or who is acting or purporting to act, for Google, Inc. or on your behalf, including your attorneys and their agents, employees, representatives, servants, consultants, investigators, or anyone acting for them or on their behalf in connection with this litigation.

5.      "All facts" or "any facts" means each and every event, act, omission, incident, condition, or circumstance related to the subject matter of the Request where used (collectively "the event"), including the dates of the event, the identification of all persons who witnessed the event, and the identification of all persons who, although not a witness to the event, have personal knowledge of the event or some aspect of the event.

6.      "Document" or "documents" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall mean and include, without limitation, the original, any draft, any revision and each non-identical copy of any writings, drawings, graphs, charts, photographs, phono-records, recordings, videotape, CD, DVD, microfilm, film, data processing files, and any other computer readable files, programs, utilities or other data compilations from which information can be obtained, translated, or transcribed, if necessary, by the requesting party through detection devices into reasonably usable form, including, without limitation, correspondence, memoranda,

notes, scraps of paper, diaries, calendars, reports, telegrams, TWX's, telephone logs, e-mail,

vouchers, invoices, journals, bills, orders, time slips or records, receipts, summaries, pamphlets,

books, contracts, statistics, minutes, studies, tests and test reports, returns, computations, logs,

financial records or statements, checks, bank statements, medical records, X-rays, laboratory reports

or orders, otherwise memorialized or communicated matter, whether typed, printed, photocopied,

filmed, microfilmed, or recorded in any manner, from whatever source received, in your possession

or contract.

7.      "Communication" or "communications" shall mean, including, but not limited to,

correspondence, memoranda, notes, transmittals, or other written material.

8.      "Person" or "persons" shall mean any or all entities, including without limitation,

individuals, associations, corporations, including their affiliates, parents or subsidiaries, companies,

partnerships, joint ventures, sole proprietorships, firms, trust, estates, agencies or governmental

entities.

9.      "Related to," "relating to," or "relates to" means supporting, connected with, regarding,

constituting, containing, discussing, concerning, referring to, evidencing, or in any way pertaining to

the subject matter of the Request where used.

10.     "Linked" means both (1) any Google account that can be switched to from the referenced

account, as described at

https://support.google.com/accounts/answer/1721977?hl=en&co=GENIE.Platform%3DDeskto

p; and (2) any "Linked account" as described at

https://support.google.com/accounts/answer/10130420#linked

## <u>INSTRUCTIONS</u>

1.  When the identification of a person is requested:

    A.  if the person is an individual, please state the person's full name, the name of the person's employer or business affiliation, the person's job title, the person's business address and business telephone number, any business relationship between you and the person, and the dates, if any, of any commencement or termination of the person's employment or other association with you; and

    B.  if the person is not an individual, please state the person's full name, current address, a description of the entity, whether a corporation, general partnership, limited partnership or some other form, the identity of the individual who has the highest title or position of authority within the entity, and any past or present business relationships between you and the entity.


2.  "Identify," when used with respect to a document, means to state (a) the type of document (e.g., letter, memorandum, handwritten note), (b) its title, and name or number, if any, (c) its date, (d) its author and addressee, (e) its last known custodian or location, (f) a brief description pf its subject matter, and (g) its size, length, or number of pages, as appropriate.


3.  "Identify," when referring to any act, means to state (a) the substance of the event or events constituting each act, (b) the location of each act, (c) the date of each act, (d) the identity of all persons involved in each act, and (d) the identity of any documents arising from, reflecting, recording or relating to each act.

4. "Identify," when referring to any oral communication means to state (a) the date of the communication, (b) the type of communication (e.g., phone conversation, face-to-face meeting, etc.), (c) the identity of the person initiating the communication, (d) the identity of the person or persons to whom the communication was directed, (e) the identity of all other persons who were present when the communication was made or who heard the communication, (f) the subject matter of the communication, and (g) the identity of any documents arising from, reflecting, recording, or relating to the communication.

5. Each request seeks any and all responsive documents in your possession, custody, or control.

6. If you object, in whole or in part, to the production of any requested document, on the ground that information contained in the document is privileged or otherwise not discoverable, identify each such document or thing in accordance with Paragraph 2 above, and, for each such identified document or thing, state the privilege claimed or the grounds for objection, identify each person other than the addressee who received or was shown a copy of the document or thing, identify all acts and persons referred to in the document or thing, and describe all facts upon you base the assertion of the privilege or grounds for objection.

7. If any responsive document or thing is no longer in existence, cannot be located, or is not in your possession, custody or control, identify each such document or thing in accordance with Paragraph 2 above, and, for each such identified document or thing, identify its date, its subject matter, the name, home address, home telephone number, employer, employer's

address, and business telephone number of each person who prepared it, each person who received an original or copy of the document or thing, each person who was shown an original or copy of the document or thing, each person who has, or may have had, past or present possession of the document or thing, or who has, or may have, knowledge or information relating to the document or thing, and the reason the document or thing is no longer in existence or in your possession, custody, or control.

## DOCUMENTS TO BE PRODUCED

1. Identify and produce Documents relating to the Gmail address
   jeremywilandcsc@gmail.com, including but not limited to Documents sufficient to
   identify the individual or entity who opened the account, the date and time the account
   was opened, a list of all DMCA notices associated with the account, and a list of email
   addresses with whom the account corresponded between March 1, 2022 and the date of
   production.

2. Identify and produce Documents relating to the Gmail address
   damianreynoldscsc@gmail, including but not limited to Documents sufficient to identify
   the individual or entity who opened the account, the date and time the account was
   opened, a list of all DMCA notices associated with the account, and a list of email
   addresses with whom the account corresponded between March 1, 2022 and the date of
   production.

3. Identify and produce Documents sufficient to Identify any accounts Linked to the
   damianreynoldscsc@gmail.com account.

4. Documents sufficient to Identify any accounts Linked to the
   jeremywilandcsc@gmail.com account.

5. Documents sufficient to identify all individual Gmail accounts, and information
   sufficient to identify all persons who registered those accounts, that were used to issue
   DMCA takedown requests purporting to be Bungie, Inc.'s authorized representative(s)
   from the dates March 17 through March 30.