UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES NO. 1-10, <br><br> Defendants. | CASE NO. C22-371 MJP <br><br> ORDER DENYING MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA |

This matter comes before the Court on Plaintiff's Motion for Leave to Serve a Third-Party Subpoena on Google, LLC Prior to Discovery Conference. (Dkt. No. 11.) Having reviewed the Motion and all supporting materials, and noting the absence of any opposition, the Court DENIES the Motion without prejudice.

Plaintiff has filed suit against several John Doe Defendants who it alleges have made unauthorized use of Plaintiff's copyrighted materials. Plaintiff has served a subpoena on Google, LLC in an effort to identify the John Doe defendants about whom Plaintiff possesses email addresses linked to Google. Plaintiff notes that it served the subpoena as permitted under 17

U.S.C. § 512(h) to identify the John Doe defendants. Although Google responded to the subpoena and lodged its objections, Plaintiff maintains that it has not successfully been able to schedule a meet and confer to work through Google's objections. Plaintiff states that it will likely move to enforce the subpoena in the Northern District of California. (Mot. at 3.) Through the Motion, Plaintiff asks the Court permission to serve the very same subpoena on Google pursuant to Rule 45 in advance of the Rule 26(f) conference. (Compare Ex. 1 to the Declaration of Akiva M. Cohen at 10 (Dkt. No. 12 at 13) with Ex. 3 to Cohen Decl. at 10 (Dkt. No. 12 at 35).)

On the record before it, the Court finds that the requested relief is unnecessary and DENIES the Motion without prejudice. The Court takes no issue with permitting discovery before the Rule 26(f) conference to identify the John Doe defendants. See, e.g., Youngblood v. 5 Unknown Cim Corr. Officers, 536 F. App'x 758 (9th Cir. 2013) (noting the propriety of pre-Rule 26(f) discovery to identify unknown defendants). But Plaintiff asks for permission to serve the very same subpoena on Google that it has already served and that it "anticipates" to enforce in the Northern District of California. (Mot. at 6.) And it appears that Plaintiff filed the Motion just two days after it received the response letter from Google—hardly enough time to permit a substantial or exhaustive meet and confer campaign. (See Cohen Decl. ¶¶ 3-4 (Dkt. No. 12).) Rather than permit a duplicative subpoena to issue, the Court finds that Plaintiff must first seek to enforce the existing subpoena. The Court is aware that Plaintiff believes that Google has not responded to a request to meet and confer and has not provided complete contact information. But Google has responded to the subpoena with a letter that bears the name of a representative and an email address that purports to allow communication with the sender. On this record, Plaintiff should undertake further efforts to resolve the dispute amicably with Google, and, if necessary, seek to enforce the existing subpoena.

To allow this process to occur in an orderly fashion, the Court suspends the current Rule 26-related deadlines (<u>see</u> Joint Status Report Order (Dkt. No. 14)), and ORDERS Plaintiff to provide the Court with a report on the status of the existing subpoena compliance efforts. Plaintiff must make its first report within 30 days from entry of this Order and every 30 days thereafter. Denial of the Motion is without prejudice. But the Court cautions Plaintiff that a renewed motion must contain a robust record showing Plaintiff's good faith efforts to obtain the information it seeks through the existing subpoena and why a new subpoena should issue.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 10, 2022.

Marsha J. Pechman
United States Senior District Judge