**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**

COUNSELORS AT LAW

1700 BROADWAY, 16TH FLOOR

NEW YORK, NEW YORK  10019

———

(212) 400-4930

May 11, 2022

<u>Via ECF</u>
Hon. Marsha J. Pechman
United States Courthouse
700 Stewart Street, Suite 14229
Seattle, WA 98101-9906

    **Re:** <u>*Bungie, Inc. v. Does 1-10*</u>**, 2:22-cv-00371 (MJP)**

Judge Pechman,

  I write, as directed by the Court, to provide a report on Google's lack of compliance with the previously issued 512(h) subpoena and the status of Plaintiff's attempts to obtain such compliance. Counsel for Bungie met and conferred with counsel for Google on April 8, 2022, and Google conveyed that: (1) they will not comply with the 512(h) subpoena, because they do not believe 512(h) authorizes a subpoena to identify individuals who send fraudulent take-down notices; and (2) they would comply with a Rule 45 subpoena.

  In the interests of judicial economy, and particularly given the precedent establishing that leave to serve a Rule 45 subpoena is appropriate here, *Youngblood v. 5 Unknown Cim Corr. Officers*, 536 F. App'x 758 (9th Cir. 2013), and indeed the lack of any opposition to our request for leave, we did not proceed with a motion to compel compliance pending the expected grant of leave to serve a Rule 45 subpoena. In light of the Court's refusal to authorize a Rule 45 subpoena, and unless the Court changes its mind, we will have no choice but to proceed with a motion to compel.

  Annexed hereto as Exhibit A is a copy of a letter we received from Google on April 13, 2022, reflecting their view of the meet and confer. When we contacted Google about the denial of our motion for leave to serve a Rule 45 subpoena, they suggested we attach it to this submission, believing "it would give the court a better understanding of the current status and would show that you have made the 'good faith efforts' the court seeks. Perhaps then the court would grant leave to issue a Rule 45 subpoena, saving us all from pursuing the same issue in another venue." As that correspondence from Google indicates, Google shares our hope that the Court will grant us leave to serve a Rule 45 subpoena, and thereby avoid motion practice. While we are confident that we would prevail over Google's objections, it seems to be a significant waste of judicial and party resources to litigate that issue in the Northern District of California when a Rule 45 subpoena would moot the dispute entirely. We thus respectfully ask that the Court consider this a renewal of our request for leave, and grant that leave.

               Respectfully submitted,

Hon. Marsha J. Pechman
May 11, 2022
Page 2

                            **KAMERMAN, UNCYK, SONIKER, & KLEIN, P.C.**

                            By: /s/ *Akiva M. Cohen*
                            Akiva M. Cohen
                            *For Plaintiff*

cc. All counsel of record [*via* ECF]