# EXHIBIT A



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

*By electronic mail:*

**Akiva Cohen**
acohen@kusklaw.com

**Tim Billick**
tim@tbillicklaw.com

April 13, 2022

**Re: Bungie, Inc v. John Does No.1-10, United States District Court for the Western District of Washington, 2:22-cv-371 (Internal Ref. No. 14141652)**

Counsel,

We appreciate your meeting and conferring with us on April 8, 2022 about your Proposed Subpoena. If the court grants you leave to conduct early discovery, and you send Google LLC a standard Rule 45 subpoena seeking discovery from a non-party, then we will evaluate that subpoena as we do all similar requests and may be willing to produce responsive information, to the extent it exists, at that time. However, as explained below, seeking identifying information under § 512(h) for alleged senders of fraudulent DMCA takedown notices is not appropriate.

We share your interest in preventing abuse of the DMCA's notice and takedown process, a problem Google addresses daily. However, we also have committed to users in our Privacy Policy that we will share their personal information if we have a good faith belief that disclosure is reasonably necessary to meet an applicable legal process. Here, we do not believe that § 512(h) is an applicable legal process.

The Proposed Subpoena seeks information sufficient to identify senders of allegedly abusive DMCA notices, not claimed copyright infringers. It also seeks a list of email addresses belonging to correspondents of those notice senders. Section 512(h) does not authorize such productions.

The pre-litigation subpoena provision in the DMCA is intended to allow copyright holders to identify users of online services who allegedly infringed their copyrights. The plain meaning of § 512(h) establishes an essential link between a § 512(c)(3)(A) notice requesting removal of claimed infringing content and a § 512(h) subpoena seeking to identify an alleged infringer. The alleged infringer in question cannot be just any alleged infringer; it must be the individual who posted the content specified in the notice that accompanies the application for the subpoena. *See* § 512(h)(2)(A) (requiring that the application for a subpoena include "a copy of a notification described in subsection (c)(3)(A)"). This link is made clear, in part, by § 512(h)(3), which governs the contents of the subpoena and states that the subpoena "shall authorize and order the service provider…to expeditiously disclose information sufficient to identify *the alleged infringer of the material described in the notification*." On its face, the statute thus establishes that the target of the subpoena must be the user who uploaded the content claimed to be infringing in the § 512(c)(3)(A) notice that accompanies the application for the subpoena.



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

The Proposed Subpoena fails this requirement because the notices you submitted to the clerk to satisfy § 512(h)(2)(A) are not § 512(c)(3)(A) notices sent by your client or their authorized agent to request the removal of claimed infringing content. They are, instead, notices you claim were sent fraudulently by the Does you seek to hold accountable for misrepresentation.

Cases interpreting § 512(h) can only be understood by relying on such a link between the user who posted claimed infringing content identified in a § 512(c)(3)(a) takedown notice and the target of the subpoena. In *Maximized Living, Inc. v. Google, Inc.*, 2011 U.S. Dist. LEXIS 147486 (N.D. Cal. Dec. 22, 2011), the court considered whether a § 512(h) subpoena to identify alleged infringers was appropriate when the allegedly infringing material had already been taken down by the time the accompanying § 512(c)(3)(A) notice was sent. The court held that the subpoena power in § 512(h) does not reach infringing activity that has ceased and thus can no longer be removed or disabled. It is impossible to understand the court's holding that a § 512(h) subpoena may only issue when accompanied by a § 512(c)(3)(A) notice that could remedy ongoing infringement without there existing an essential link between the § 512(c)(3)(A) notice and the target of the § 512(h) subpoena. Your proposed interpretation of the statute breaks that link.

You stated during our meet and confer that the individual(s) that sent allegedly fraudulent takedown notices was also the recipient of some prior § 512(c)(3)(A) notices that you or your authorized agent sent in the past. But those notices were not submitted to the court and did not accompany this § 512(h) subpoena request to satisfy § 512(h)(2)(A).

Secondly, you stated that those that send fraudulent copyright removal requests against the use of third-party material that was authorized by the copyright owner infringe that copyright owner's right to "authorize" that use. On your view, such fraudulent notice senders are infringers whose identities can be sought via § 512(h). We are aware of no court that has held that sending a fraudulent § 512(c)(3)(A) notice is itself an infringement. Instead, Congress provided § 512(f) to provide relief against fraudulent § 512(c)(3)(A) notices. Even if sending a fraudulent § 512(c)(3)(A) notice was infringing, under *Maximized Living*, the transient sending of a fraudulent § 512(c)(3)(A) notice would not be the type of infringement that could itself be remedied by sending another § 512(c)(3)(A) notice and thus, would also not be the proper subject of a § 512(h) subpoena.

Even if § 512(h) was an appropriate legal process in this instance, it does not allow for the production of a list of email addresses belonging to correspondents of those whose identity is sought. Rather, § 512(h) contemplates only the production of "information sufficient to identify the alleged infringer" and no court has held that to include a list of all of an individual's email correspondents for a designated time period. Under the only appellate precedent to address this question, a service provider's obligation goes no further than the production of a claimed infringing user's email address. *See Recording Indus. Ass'n v. Charter Communs., Inc. (In re Charter Communs., Inc.)*, 393 F.3d 771, 786 (8th Cir. 2005) ("Since electronic mail provides the fastest and surest means of contacting individuals alleged to have engaged in digital piracy over the internet, email addresses are a most appropriate form of identification.").

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

For these reasons, Google will not produce documents in response to the Proposed Subpoena because we continue to believe it is improper. As we agreed in our meet and confer call, we attempted to give notice of the Proposed Subpoena to the targets of the Proposed Subpoena on April 8, 2022. Google reserves the right to further object to the Proposed Subpoena in any additional response. Thank you.

/s/ Brian Carver
Copyright Counsel