1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOES NO. 1-10, <br><br> Defendants. | CASE NO. C22-371 MJP <br><br> ORDER GRANTING RENEWED MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA |

This matter comes before the Court on Plaintiff's letter brief renewing its Motion for Leave to Serve a Third-Party Subpoena on Google, LLC Prior to Discovery Conference. (Dkt. No. 16.) Having reviewed the letter brief and all supporting materials (e.g., Dkt. No. 17), and noting the absence of any opposition, the Court GRANTS the Motion.

The Court previously denied without prejudice Plaintiff's request to be permitted to issue a Rule 45 subpoena prior to the Rule 26(f) conference. (Order on Motion (Dkt. No. 15).) The Court explained that while it took no issue with permitting discovery before the Rule 26(f) conference to identify the John Doe defendants, it did not find sufficient need to issue a new

subpoena duplicative of the one already served on Google. (See id. at 2 (citing <u>Youngblood v. Unknown Cim Corr. Officers</u>, 536 F. App'x 758 (9th Cir. 2013) (noting the propriety of pre-Rule 26(f) discovery to identify unknown defendants)).) Plaintiffs have now explained that while Google maintains its objections to the existing subpoena, it will not oppose a subpoena issued with the Court's permission under Rule 45. Given this additional information and the apparent efficiencies to be gained, the Court finds good cause to permit Plaintiff to serve a Rule 45 subpoena on Google for the information it seeks as to the identity of the John Doe defendants. The Court therefore GRANTS the renewed Motion.

Having vacated the initial deadlines, the Court ORDERS Plaintiff to provide the Court with a report on the Google's response to the new subpoena and Plaintiff's efforts to identify the John Doe defendants. Plaintiff must make its first report within 45 days from entry of this Order and every 30 days thereafter.

The Court separately notes that the parties must file any motions or briefing in compliance with the Local Rules, which do not permit letter briefs like the one Plaintiff filed. Notwithstanding Plaintiff's failure to adhere to the Local Rules, the Court has considered its letter brief in this singular instance. Further letter briefs will not be accepted.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 18, 2022.

Marsha J. Pechman
United States Senior District Judge