1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE WESTERN**

**DISTRICT OF WASHINGTON**

| | |
|---|---|
| BUNGIE, INC. | Case No. 2:22-cv-371-MJP |
| Plaintiff | |
| v. | **Joint Status Report and Discovery Plan** |
| NICHOLAS MINOR | |
| Defendant | |

**1.      The Nature and Complexity of the Case**

This case involves parties in the states of Washington and California, with a relatively small collection of copyrights and contracts at issue. The parties do not estimate significant expert testimony nor a large quantity of documents, though some third-party discovery will need to be taken and some party communications will need to be disclosed.

a.      Bungie's Statement of the Factual and Legal Bases of the Claims

Plaintiff filed this action seeking damages, a permanent injunction and other equitable relief, alleging that the Defendant infringed upon their intellectual property rights, breached the Limited Software Licensing Agreement ("LSLA"), defamed them in their business, and violated RCW 19.86.020 ("Washington Consumer Protection Act").

The Plaintiff, Bungie, Inc., is the independent developer, owner, intellectual property rights holder and distributor of the video game Destiny 2, a shared-world online first-person shooter. In

1

Joint Status Report & Discovery Plan

December 2021, Bungie's brand protection agents, CSC, issued a series of lawful DMCA takedown notices against infringing YouTube videos, including against Defendant, whose had posted videos containing music from the soundtrack to a Destiny expansion, The Taken King. After receiving this takedown, Defendant created a false email address intended to mimic those of CSC.  In February 2022, Defendant uploaded more infringing content from the original soundtrack to The Witch Queen, a Destiny 2 expansion, and when these were also lawfully taken down, he created a second fake CSC email address and began to issue fraudulent DMCA takedowns of his own.

Defendant issued 96 fraudulent DMCA takedowns, falsely asserting he was acting on Bungie's behalf. He did so through the CSC email addresses he had created, and, because he identified himself as Bungie's "brand protector", his DMCA notices were viewed as legitimate by YouTube and the Destiny 2 community at large, causing substantial damage to Bungie's reputation and goodwill. All the while, Defendant stayed a part of the community conversation, sowing disinformation.

Plaintiff spent considerable resources addressing the community outcry and investigating the fraudulent takedowns, eventually identifying Defendant as the person issuing the takedowns. Based on the facts outlined above and others as alleged in the Complaint, Plaintiff pled six causes of action: fraudulent notice under §512(f) of the DMCA, false designation of origin under 15 U.S.C. § 1125(a), copyright infringement under 17 U.S.C. § 501 et seq, business defamation, violation of the Washington Consumer Protection Act under RCW 19.86.020, and breach of contract.

b.     <u>Defendant's Statement of the Factual and Legal Bases of the Defenses.</u>

Defendant disputes that he engaged in willful conduct or in bad faith as alleged in the Amended Complaint. Defendant disputes Bungie's contentions that he submitted knowingly false DMCA notices or counternotices, that he infringed Bungie's copyrighted works or that there is a factual or legal basis for an infringement suit for any infringement that was the subject of a DMCA notice. Bungie's claims for false designation of origin, business defamation and violation

Joint Status Report & Discovery Plan

of the Washington Consumer Protection Acts are legally and factually inapplicable to this case.

**2.     Alternative Dispute Resolution**

The parties agree to submit these matters to mediation pursuant to Local CR 39.1. Defendant requests mediation without charge under LCR 39.1(c)(4).

**3.     Timing of Alternative Dispute Resolution**

The parties agree to submit these matters to mediation between January 15th and March 15th, 2023.

**4.     Proposed Deadline for Joining Additional Parties**

The parties' proposed deadline for joining additional parties is January 1st, 2023.

**5.     Proposed Discovery Plan**

a.     Fed. R. Civ. P. 26(f) Conference

The Fed. R. Civ. P. 26(f) conference was held via web conference on October 7th, 2022. Both plaintiff and defendant were represented by counsel. Pursuant to the Court's order, Plaintiff's and Defendant's initial disclosures were exchanged on November 8, 2022. This Joint Status Report and Discovery Plan pursuant to Fed. R. Civ. P. 26(f) will have been filed by November 15th, 2022.

b.     Discovery to be Conducted

Plaintiff intends to serve discovery requests regarding, but not necessarily limited to: Defendant's Discord communications; Defendant's communications, draft communications, statements, and draft statements regarding his fraudulent takedowns; Defendant's communications regarding his fraudulent CSC email addresses; all records and documents pertaining to Defendant's purchase, possession, and infringement of Plaintiff's original soundtracks; Defendants' knowledge of, and disregard for, Plaintiff's LSLA; and Defendant's IP addresses.

Defendant intends to serve written discovery requests.

c.     Limitations on Discovery

The parties agree that no changes or additions should be made to the limitations to discovery imposed under the Federal Rules of Civil Procedure and the Local Civil Rules.

Joint Status Report & Discovery Plan

d.      Management of Discovery

The parties agree that the Federal Rules of Civil Procedure and the Local Civil Rules shall be used to manage discovery to minimize expenses.

e.      Other Orders to Be Entered by the Court

The parties agree that, at the time of the Joint Status Report and the Standard Protective Order, no other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c) or Local Rules CR 16(b) and (c).

**6.      Date of Completion of Discovery**

The parties agree that all fact discovery matters in this case will be completed by July 15, 2023, that any expert discovery will be completed by October 15, 2023, and that dispositive motions, if any, will be filed by November 15, 2023.

The parties have agreed to the following internal deadlines, and have committed to work cooperatively to adjust them as may be necessary as discovery proceeds:

Service of initial document requests and interrogatories: January 15, 2022

Completion of document production: April 15, 2023

Time to amend or add additional parties: January 1, 2023

Identification of affirmative experts: June 15, 2023

Identification of rebuttal experts: June 30, 2023

Affirmative expert reports: August 15, 2023

Rebuttal expert reports: September 15, 2023

**7.      Consent to Magistrate Judge to Conduct All Proceedings**

The parties consent to a Magistrate Judge for all pre-trial matters.

**8.      Bifurcation**

Plaintiff contends that the liability issues and damages issues in this case should not be bifurcated. Defendant reserves the right to seek bifurcation in advance of the trial if appropriate.

**9.      Pretrial Statements and Pretrial Orders**

The parties agree that the pretrial statements and a pretrial order pursuant to Local Rules

Joint Status Report & Discovery Plan

CR 16(e), (h), (i), and (l), and 16.1 should be required in whole and not dispensed.

**10.    Suggestions for Shortening and/or Simplifying the Case**

The parties do not have further suggestions for shortening or simplifying this case.

**11.    Date for Trial**

The parties agree that this matter will be ready for trial the week of February 19, 2024.

**12.    Jury or Non-Jury Trial**

Plaintiff contends that any jury trial should be limited to a jury's determination of Defendant's liability for civil penalties, see Tull v. U.S., 481 U.S. 412 (1987), and that the amount of civil penalty, and determinations regarding liability for and the nature of injunctive relief are reserved to the Court.

Defendant contends that he has a right to a jury trial on all issues in this case as Plaintiff's claims are legal in nature and seek to adjudicate the liability of one private party against another. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 51-52 (1989).

**13.    Numbers of Days For Trial**

Pending discovery, the parties believe that this matter should be able to be tried within 3-5 court days.

**14.    Names, Addresses, Email Addresses, and Telephone Numbers of All Trial Counsel**

FOR PLAINTIFF:
Akiva M. Cohen
(pro hac vice)
KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.
1700 Broadway
New York, NY 10019
Telephone: (212) 400-4930
Email: acohen@kusklaw.com

Dylan M. Schmeyer, Colorado Bar No. 50573
(pro hac vice)
KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.
750 W. 148th Ave, #4216
Westminster, CO 80023
Telephone: (719) 930-5942
Email: dschmeyer@kusklaw.com

Joint Status Report & Discovery Plan

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Tim J. Billick, WSBA No. 46690
TBILLICK LAW PLLC
600 First Ave
Seattle, WA  98101
Ph. (206) 494-0020
E-mail:  tim@tbillicklaw.com

FOR DEFENDANT:

Brian H Getz (CA Bar No. 85593)
(Pro hac vice)
Law Office of Brian H Getz
90 New Montgomery Street, Suite 1250
San Francisco, CA  94105
Telephone: (415) 912-5886
Email: brian@briangetzlaw.com

Petra M. Reinecke (CA Bar No. 154482)
(Pro hac vice)
Law Offices of Petra M. Reinecke
90 New Montgomery Street, Suite 1250
San Francisco, CA  94105
Telephone: (415) 591-1102
Email: pmrlawoffices@gmail.com

Nicholas Ranallo (WSBA# 51439)
Ranallo Law Office
5058 57th Avenue S
Seattle, WA 98118
Telephone: (831) 607-9229
Email: nick@ranallolawoffice.com

Respectfully Submitted this 15th day of November, 2022

/s/ *Akiva M. Cohen*
Akiva M. Cohen, NY Bar No. 4328969
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER &
KLEIN P.C.
1700 Broadway
New York, NY 10019
Ph: (212) 400-4930
Email: acohen@kusklaw.com

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Dylan M. Schmeyer_____
Dylan M. Schmeyer, CO Bar No. 50573
(*pro hac vice*)
KAMERMAN, UNCYK, SONIKER &
KLEIN P.C.
Ph: (719) 930-5942
Email: dschmeyer@kusklaw.com

*Attorneys for Plaintiff*


*And*


/s/ Nicholas Ranallo_____
Nicholas Ranallo
5058 57th Avenue S
Seattle, WA 98118
Telephone: (831) 607-9229
Email: nick@ranallolawoffice.com
Attorney for Defendant

Joint Status Report & Discovery Plan