HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC.,

　　　　　　　Plaintiff,

　　v.

NICHOLAS MINOR a/k/a
"LORD NAZO,"

　　　　　　　Defendant.

CASE NO. 2:22-cv-371-MJP

**PLAINTIFF BUNGIE, INC.'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**NOTING DATE:** December 29, 2023

Plaintiff Bungie, Inc. ("Bungie") hereby moves, pursuant to Fed. R. Civ. P. Rule 56, for partial summary judgment of liability against Nicholas Minor a/k/a "Lord Nazo" ("Defendant" or "Minor") on its claims under Section 512(f) of the Digital Millenium Copyright Act ("DMCA").

Plaintiff Bungie, Inc.'s Motion for Summary
Judgment and Memorandum of Points and
Authorities in Support

2:22-cv-371-MJP – 1



Table of Contents

I. Introduction ...................................................................................................................... 4

II. Undisputed Material Facts ................................................................................................ 5

   A.  Bungie Owns the Copyrights in *Destiny 2* and Authorizes Fans to Create Derivative Works ........................................................................................................ 5

   B.  Bungie's Copyright Enforcement Mechanisms & Defendant Nicholas Minor ........ 6

   C.  Minor's Fraudulent Takedowns ................................................................................ 7

III. Legal Standard ................................................................................................................ 10

IV. Argument ........................................................................................................................ 11

   A.  Minor Violated Section 512(f) of the DMCA by Submitting the Fraudulent Takedowns ............................................................................................................... 11

V. Conclusion ....................................................................................................................... 13

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 2



TBILLICK LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Table of Authorities

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)..................................................10

*Bungie, Inc. v. Elite Boss Tech Inc.*, No. 2:21-CV-01112-TL, 2023 WL 3318890, at *5 (W.D. Wash. May 9, 2023)..............................................................................................6, 7, 8, 9

*Cisco Sys., Inc. v. Sheikh*, No. 4:18-CV-07602-YGR, 2020 WL 5877573, at *4 (N.D. Cal. Oct. 2, 2020).................................................................................................................13

*Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2013 WL 6336286, at *48 (S.D. Fla. Sept. 20, 2013)........................................................................................................12

*Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016)..........................................11

*S.A. Empresa v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982).................................11

*U.S. v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640-42 (9th Cir. 2012)..............................12

*Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n.10 (9th Cir. 2002) ..........................11

**Statutes**

17 U.S.C. § 512(f) ....................................................................................................................11, 13

Section 512(f) of the Digital Millenium Copyright Act ("DMCA")........................................ passim

**Rules**

Fed. R. Civ. P. 56(a)......................................................................................................................10

Fed. R. Civ. P. Rule 56 ...................................................................................................................1

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 3


TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

## I. INTRODUCTION

This action arose out of the Defendant's deliberate submission of forged DMCA takedown notices to YouTube (the "Fraudulent Takedowns"), demanding – purportedly in Bungie's name – the deletion of 96 YouTube videos related to Bungie's acclaimed *Destiny 2* videogame. The videos Minor targeted came from an array of YouTubers in the *Destiny 2* community, from large (such as MyNameIsByf, a YouTuber who discusses *Destiny 2* lore with his 1,000,000-plus subscribers) to relatively small (such as Azrod_FR, a French YouTuber who shares gameplay videos with his 1,020 subscribers), from creators who focused on reviewing *Destiny 2* gameplay and tactics (such as Aztecross) to those focused on *Destiny 2*'s music (such as Promethean, Archival Mind). The fraudulent campaign outraged Bungie's fan community by appearing to reflect a dramatic and unannounced shift by Bungie from encouraging fan use of its copyrighted content to a draconian crackdown on that use.

As described in Bungie's initial Complaint, Bungie was perplexed and angered by the Defendant's scheme, on its own behalf and on behalf of the creator community. Bungie immediately began working to both stop the attack and identify who was behind it. As detailed below, after filing the initial complaint in this action, Bungie was able to identify Defendant Minor as the person behind the attack. Because that identification is not in dispute – as discussed below, Minor has admitted to it – and because Minor's conduct indisputably violated Section 512(f) of the DMCA, Bungie now brings this motion for partial summary judgment finding Minor liable on those claims.

Plaintiff Bungie, Inc.'s Motion for Summary
Judgment and Memorandum of Points and
Authorities in Support

2:22-cv-371-MJP – 4


TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

## II. UNDISPUTED MATERIAL FACTS

### A. Bungie Owns the Copyrights in *Destiny 2* and Authorizes Fans to Create Derivative Works

Bungie is the owner of the copyrights in its *Destiny 2* game and expansions, including Registration No. PA 2-282-670 (for the *Destiny 2* game), Registration No. TX-9-130-251 (for the *Destiny 2: The Witch Queen* game), Registration No. SR-891-773 (for the *Destiny* original soundtrack ("OST")), Registration No. SR-875-932 (for the song from the *Destiny: Rise of Iron* OST) Registrations No. SR-881-881 and SR-875-890 (for the songs from the *Destiny 2* OST), Registration No. SR-888-261 (for the *Destiny 2: Forsaken* OST); Registration No. SR-894-199 (for 8 of the songs on the *Destiny 2: Shadowkeep* OST), Registrations No. SRu-1-441-990 and SRu-1-441-972 (for the songs from the *Destiny 2: Beyond Light* OST), and Registrations No. SR-924-470 and SR-924-472 (for the *Destiny 2: The Witch Queen* OST). Declaration of Akiva M. Cohen ("Cohen Dec"), Exs. 1-10. As the rights holder, Bungie has authorized *Destiny 2* fans to create derivative works using Bungie's intellectual property, so long as those works comply with Bungie's "IP Policy". Declaration of James Barker ("Barker Dec"), ¶ 2, Ex. 1. Doing so has allowed Bungie to facilitate the development of a thriving community of millions of *Destiny* fans who deeply engage with the *Destiny 2* game and storyline. Barker Dec, ¶2. That engagement, in turn, helps Bungie's bottom line; the more positively engaged the *Destiny 2* community is with each other and with Bungie, the more they engage with the expansions and in-game content that are Bungie's source of revenue. *Id. Cf. Bungie, Inc. v. Elite Boss Tech Inc.*, No. 2:21-CV-01112-TL, 2023 WL 3318890, at *5 (W.D. Wash. May



9, 2023) (finding that cheat software damages Bungie by impacting Bungie's in-game revenue stream).

### B. Bungie's Copyright Enforcement Mechanisms & Defendant Nicholas Minor

Though Bungie licenses fans to use its copyrighted works in accordance with the IP Policy, some *Destiny 2* fans occasionally violate that policy and infringe Bungie's copyrights, such as by uploading songs ripped from *Destiny 2* soundtracks to YouTube. Barker Dec, ¶ 3. When such infringement occurs, Bungie responds by having its brand protection agent, CSC Global ("CSC"), submit DMCA takedown notices ("takedowns") requesting that YouTube (or such other sites as are hosting the infringing material) delete the infringing content. *Id.* Bungie does not automate that process; at no point does CSC issue takedowns without Bungie's express permission. *Id.* To comply with YouTube's DMCA process, CSC's legitimate takedowns had been submitted using the email address DavidThomsonCSC@gmail.com. *Id.*

In or about December 2021, Bungie authorized CSC to issue a series of takedown notices to YouTube targeting videos that infringed Bungie's copyrighted music. Barker Dec, ¶ 4. One of the targeted channels was Defendant Minor's "Lord Nazo" YouTube channel. Cohen Dec Ex. 11 at 34:2-35:1. Minor had uploaded "extended" versions of Bungie's copyrighted music from its *Destiny 2* soundtracks, in violation of the IP Policy, in which he would "loop" each composition so that it played over and over again beyond its original length, which does not add any creative content of his own. *Id.* at 25:13-25.

Plaintiff Bungie, Inc.'s Motion for Summary
Judgment and Memorandum of Points and
Authorities in Support

2:22-cv-371-MJP – 6


TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

C. **Minor's Fraudulent Takedowns**

For whatever reason,[1] Minor opted to respond to the takedowns targeting his channel by launching a wave of fraudulent DMCA takedowns targeting YouTube videos that *did* comply with the IP Policy, and which therefore were making licensed use of Bungie's intellectual property. On March 17, 2022, Minor sent 38 fraudulent takedown notices from various email accounts he had created: 36 from the "JeremyWilandCSC@gmail.com" email account, one from the "JacobAverz@gmail.com" email account, and one from the "DamianReynoldsCSC@gmail.com" email account. *See* Declaration of Kathryn Tewson ("Tewson Dec") Ex. 11. Minor sent another five fraudulent takedowns the next day, *id.*, and another 53 on March 19. *Id.* The takedowns resulted in the deletion of numerous *Destiny* YouTube videos and significant anger in the *Destiny* community – much of it initially directed at Bungie. Barker Dec, ¶ 5 & Exs. 2-8. And, as that anger churned, Minor sent out an anonymous email screed "explaining" why he filed what he described as "false takedowns" and "fake takedowns," and expressly acknowledging that "[n]one of this was about copyright infringement." Cohen Dec Ex. 12 (the "Manifesto"). Because Minor acted pseudonymously, he significantly harmed Bungie's reputation and Bungie was forced to expend thousands of dollars to identify him as part of rectifying that damage. Barker Dec, ¶¶ 6-7. Indeed, when Bungie attempted to

---

[1] Minor claims that he engaged in the scheme because he truly believed that the takedowns targeting his channel were also fraudulent, and that he launched his fraudulent takedowns to 'call attention' to the 'problem.' And, as discussed below, that was the explanation he provided in his then-anonymous 'manifesto' email. Because Minor's subjective motive is irrelevant to his liability under Section 512(f) of the DMCA, for the sole purposes of this motion Bungie takes Minor at his word with respect to that motive.


Plaintiff Bungie, Inc.'s Motion for Summary
Judgment and Memorandum of Points and
Authorities in Support

2:22-cv-371-MJP – 7


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

get YouTube to restore the deleted videos, YouTube informed Bungie that it could not withdraw Minor's DMCA notifications unless Bungie sent the notice of withdrawal from the same email address that had originally submitted the DMCA takedown. *Id.*, ¶ 6.

Minor has admitted or constructively admitted each relevant fact regarding his fraudulent takedowns, including that he in fact sent them and that he knew when he did so that they were unauthorized and fraudulent. On March 28, 2022, after Bungie filed its initial complaint and while it was still in the process of confirming the identity of the person who had submitted the fraudulent takedowns, Minor emailed Bungie's counsel, Tim Billick, confessing that he was behind the fraudulent takedowns. Cohen Dec, Ex. 13. On March 28, 2022, almost immediately after the initial complaint was filed, Minor emailed Mr. Billick to say that he had some information about one of the defendants in the case. *Id. Cf.* Cohen Dec Ex. 14, at Admissions No. 30-33. The next day, after Mr. Billick responded to arrange a time to chat, Minor spontaneously emailed a confession.[2] Cohen Dec Ex. 13.

Minor's responses to Bungie's Requests for Admissions also admit:

- That he was the owner and sole user of the "Lord Nazo" YouTube and Reddit accounts, Cohen Dec Ex. 14 at Admissions No. 1-2, 26-29;

---

[2] Because of the risk that the email was another fraud, Bungie separately confirmed Minor's identity as the individual behind the fraudulent takedowns, as described in the Amended Complaint. *See* D.I. 19 ¶¶ 113-142; Tewson Dec ¶¶ 6-20.; Barker Dec ¶ 8 . As described above, Minor has since acknowledged in discovery that he in fact sent the confession email and issued the takedowns.

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 8

TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

- That he was the creator and sole user of the JeremyWilandCSC@gmail.com, damianreynoldsCSC@gmail.com, jacobaverz@gmail.com, minor.n.personal@gmail.com, *id.* at Admissions No. 6-11, 30-31;

- That he wrote: (1) a March 21, 2022 email to DavidThomsonCSC@gmail.com accusing Mr. Thomson of issuing fake DMCA takedowns, (2) the Manifesto; and (3) the confession email to Tim Billick, *id.* at Admissions No. 14-15, 32; and

- That he submitted the fake DMCA takedowns, falsely identifying himself as a CSC representative submitting takedowns on behalf of Bungie despite knowing that he had no authority to do so. *Id.* at Admissions No. 17-24, 34-36.

Finally, at his deposition in this action, Minor further confirmed additional details – and pled the Fifth Amendment as to anything else. *See* Cohen Dec Ex. 11 at 13:22-14:5 (confirming that the @Lord_Nazo Twitter account was his); 18:12-19:3 (confirming that he posted at least 50 videos using *Destiny 2* music), 20:19-25 (confirming that his YouTube channel was taken down over *Destiny 2* content), 25:13-26:5 (testifying that he would upload looped *Destiny 2* tracks, as well as mashups), 32:25-33:8 (he anticipated that the fraudulent takedowns would get Bungie to pursue the CSC account he believed was issuing fake takedowns), 35:23-37:2 (Minor felt "remorseful" when he saw the reaction of the affected creators, and testified that he wanted to get Bungie's attention), 42:19-45:2 (testifying about the takedown of his channel and his ability to get the channel restored by filing counternotifications

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 9

TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

representing that the takedowns on his videos were mistakes or errors), 50:5-14 (explaining when and how he got the idea of submitting unauthorized takedown notices), 51:19-52:7 (Minor believed that if he 'got Bungie's attention' by making fake takedowns widespread, Bungie would act to fix what Minor believed were fake takedown notices targeting his own channel), 53:9-15 (so he decided to file takedowns of his own), 54:5-55:9 (pleading the Fifth as to the creation of the Jeremy Wiland account and confirming that he was never authorized to file the takedowns and never employed by either Bungie or CSC), 58:18-59:5 (identifying PerfectNazo1@gmail.com as his primary email address), 60:15-68:1 (pervasively invoking the Fifth Amendment), 70:16-71:21 (same), 76:10-92:13 (same).

Because there is no material factual dispute, Bungie now moves for summary judgment of Minor's liability on its 512(f).

## III.  LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). By its terms, "this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). Instead, "the requirement is that there be no genuine issue of material fact." *Id*. To be material, a dispute must be substantive enough to "affect the outcome of the suit under the governing law." *Id*. at 248. "[I]rrelevant or unnecessary" disputes do not prevent granting the motion, *id.*, and "[a] party cannot

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 10


TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

manufacture a genuine issue of material fact merely by making assertions in its legal memoranda," *S.A. Empresa v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). The "court need not, [however,] draw all possible inferences in [the non-movant's] favor, but only all reasonable ones." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 n.10 (9th Cir. 2002).

IV.   **ARGUMENT**

  A. **Minor Violated Section 512(f) of the DMCA by Submitting the Fraudulent Takedowns**

There should be no dispute Bungie is entitled to summary judgment of Minor's liability on its 512(f) claim. Section 512(f) of the DMCA provides that a defendant who "knowingly materially misrepresents" in a Section 512 takedown notice "that material or activity is infringing" or "that material or activity was removed or disabled by mistake or misidentification" is liable for any damages, including costs and attorneys' fees, incurred by any copyright owner as a result of the service provider relying on the misrepresentation. 17 U.S.C. § 512(f). To be liable under Section 512(f) for a fraudulent takedown notice, the defendant must lack a subjective, good-faith belief that the material targeted by the takedown notice is infringing. *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016). Monetary damage is not an element of a 512(f) claim; a 512(f) plaintiff can seek even "nominal damages" to recover for "an unquantifiable harm." *Lenz*, 815 F.3d at 1156. A Section 512(f) claim is appropriate where the defendant "intentionally targeted files [they] knew [they] had no right to remove." *Disney*

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 11


TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

*Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2013 WL 6336286, at *48 (S.D. Fla. Sept. 20, 2013).

Minor's conduct easily satisfies each of these elements. Minor had no authority to remove *any* of the files he targeted with the Fraudulent Takedowns. Barker Dec ¶ 5, Cohen Dec Ex. 14, at Admissions No. 19. Minor was aware that he had no such authority. Cohen Dec Ex. 14, at Admissions No. 19, 24, 35-36. He misrepresented to YouTube that he was Bungie's authorized representative for purposes of issuing DMCA takedown notices. Tewson Dec, Ex 11. That misrepresentation was material, and YouTube relied on it when it took down the referenced videos. *See* Barker Dec ¶ 6 (YouTube refused to rescind the takedowns unless they were withdrawn by email from the address sending them).

Minor also misrepresented to YouTube his supposed good-faith belief that the targeted videos infringed Bungie's copyrights. Tewson Dec Ex. 11. In reality, as Minor admitted first in the Manifesto and then in discovery, not one of the DMCA notices he sent "was about copyright infringement." Cohen Dec Ex. 12; Cohen Dec Ex. 14 at 36:15-37:2. Rather, the notices were intended to "get Bungie's attention." Cohen Dec Ex. 14 at 36:15-37:2. And Minor cannot submit any contrary evidence sufficient to raise a factual dispute on any of the elements, having asserted his Fifth Amendment right to refuse to provide evidence on those topics in discovery. *See U.S. v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640-42 (9th Cir. 2012) (trial court properly granted summary judgment despite interrogatory response raising factual issue, because trial court correctly struck interrogatory response where that party prevented full cross-examination on that issue

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 12

TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

by asserting Fifth Amendment privilege); *Cisco Sys., Inc. v. Sheikh*, No. 4:18-CV-07602-YGR, 2020 WL 5877573, at *4 (N.D. Cal. Oct. 2, 2020) ("Having asserted the Fifth Amendment rather than provide complete evidence, the ADSI affiliated defendants are not entitled to a second bite at the apple that would allow it to present selectively evidence it believes is favorable").

Finally, Bungie was harmed by the Fraudulent Takedowns, suffering reputational damage and incurring costs to identify Minor and respond to his attack. Barker Dec, ¶¶ 6-7.[3] Because no genuinely disputed factual issue requires a trial to confirm the Defendant's 512(f) liability, the motion should be granted.

## V. CONCLUSION

The facts of this case are undisputed. There is no question that Minor submitted the Fraudulent Takedowns, that the Fraudulent Takedowns contained material misrepresentations, or that Minor's misrepresentations were knowing. And the Fraudulent Takedowns harmed Bungie. No more is required, and the Court should grant Bungie's motion and hold Minor liable under Section 512(f).

WORD COUNT CERTIFICATION: I certify that this memorandum contains 2,879 words, in compliance with the Local Civil Rules.

<u>Tim J. Billick</u>
Tim J. Billick
Counsel for Bungie
December 22, 20223

---

[3] Bungie has been unable to find any case directly on point, primarily because nobody other than Defendant appears to have ever submitted forged takedowns purportedly on behalf of a copyright holder, thereby damaging both the copyright holder *and* the purported infringer. Regardless, the statute is clear: it allows the copyright holder recover damages if it is harmed by a service provider's removal of allegedly infringing material based on a knowingly false DMCA notice. 17 U.S.C. § 512(f).

Plaintiff Bungie, Inc.'s Motion for Summary
Judgment and Memorandum of Points and
Authorities in Support

2:22-cv-371-MJP – 13



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Dated: December 22, 2023

/s/Tim J. Billick
Tim J. Billick, WSBA No. 46690
TBillick Law PLLC
600 First Ave
Seattle, WA  98101
Ph. (206) 494-0020
E-mail:  tim@tbillicklaw.com

/s/ Akiva M. Cohen
Akiva M. Cohen, NY Bar No. 4328969
KAMERMAN,     UNCYK,     SONIKER     &
KLEIN P.C.
1700 Broadway, 16th Floor
New York, NY 10019
Ph: (212) 400-4930
Email: acohen@kusklaw.com
*Pro hac vice*

/s/ Dylan M. Schmeyer
Dylan M. Schmeyer, CO Bar No. 50573
Ph: (719) 930-5942
Email: dschmeyer@kusklaw.com
*Pro hac vice*

Attorneys for Plaintiff

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 14


TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

# CERTIFICATE OF SERVICE

I, Tim Billick, attest that I am over the age of 18 and not a party to the action. I hereby certify that on December 22, 2023, I caused the above document to be served on the following parties by electronic transmission to the addresses listed below:

**Brian H Getz**, CSBA #85593       brian@briangetzlaw.com

**Nicholas R. Ranallo**, WSBA #51439   nick@ranallolawoffice.com

**Petra M Reinecke,** CSBA # 15448     pmrlawoffices@gmail.com

I declare under penalty of perjury that the above is true and correct. Executed on 12/22/23 in Seattle, Washington.

/s/ Tim J. Billick
Tim J. Billick

Plaintiff Bungie, Inc.'s Motion for Summary Judgment and Memorandum of Points and Authorities in Support

2:22-cv-371-MJP – 15

TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com