UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS MINOR, a/k/a "LORD NAZO", <br><br> Defendant. | CASE NO. C22-371 MJP <br><br> ORDER GRANTING SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Bungie, Inc.'s Motion for Summary Judgment. (Dkt. No. 38.) Having reviewed the Motion and all supporting materials and noting the absence of any opposition, the Court GRANTS the Motion.

**BACKGROUND**

Bungie, a video game developer, creator, and publisher has filed suit against Nicholas Minor for violating the Digital Millennium Copyright Act by posing as a Bungie employee and placing fraudulent requests to YouTube to remove content derivative of Bungie's copyrighted

1  works. (First Amended Complaint ¶ 1-12 (Dkt. No. 19).) Bungie now moves for summary
2  judgment, which Minor has not opposed.
3        To promote user engagement and market its videogame, Destiny 2, Bungie encourages
4  fans to create and display derivative works that use Destiny 2's copyrighted video and music.
5  (Declaration of James Barker ¶ 2 (Dkt. No. 41); Declaration of Akiva M. Cohen Exs. 1-10 (Dkt.
6  No. 40).) Fans must still comply with Bungie's "IP Policy," which places limits on the use of the
7  copyrighted works. (Barker Decl. ¶ 2 and Ex. 1.) Fans occasionally post videos to YouTube that
8  violate the IP Policy, and Bungie issues requests to YouTube to remove the content in
9  compliance with the DMCA—known as "takedown notifications." (Barker Decl. ¶ 3.) Bungie
10  issued one such notice to YouTube concerning a video that Minor had created and posted to
11  YouTube. (Barker Decl. ¶ 4.) Minor believed that the DMCA takedown notification was issued
12  in error given that his video had been on his YouTube channel for eight years without any
13  complaint. (Deposition of Nicholas Minor at 35 (Cohen Decl. Ex. 11).) "Confused" and "angry,"
14  Minor believed the notice was fraudulent, but was unable to get any information from YouTube
15  or get the video restored. (Minor Dep. at 34-35.) Purportedly hoping to raise awareness about the
16  lack of transparency around the DMCA takedown process, Minor then created email accounts
17  that he used to pose as a Bungie employee and then make ninety-six takedown requests to
18  YouTube to remove Destiny 2-related content including videos on Bungie's own channel.
19  (Minor Dep. at 35-37; Id. ¶¶ 8-9; Declaration of James Barker ¶ 2 and Ex. 1.) Bungie avers the
20  requests were fraudulent and that the content targeted did not actually violate its IP Policy.
21  (Barker Decl. ¶ 5.) And Minor has admitted that he created the emails, posed as a Bungie
22  employee, and intentionally issued all of the takedown notifications at issue in this action.
23  (Response to RFA Nos. 6-11, 14-15, 17-24, 30-36 (Cohen Decl. Ex. 14) (Dkt. No. 40-14).)
24

Minor has admitted he "gravely messed up and fully accept[s] that this is [his] fault." (Cohen Decl. Ex. 13 (Dkt. No. 40-13).) Bungie asserts that Minor's actions harmed its reputation and caused economic damage by confusing and angering the Destiny 2 community about whether they could continue to create derivative works to post on YouTube. (Am. Compl. ¶ 10.) And Minor has admitted he was "oblivious to the reprehensible damages [he] was causing to the community" and Bungie in issuing the fraudulent takedown notices, and that he caused financial and emotional damage to several Destiny 2 fans whose videos were subject to the fraudulent takedown notices. (Cohen Decl. Ex. 13.)

Bungie now moves for summary judgment on its DMCA claim, which Minor does not oppose, though he has appeared in this action, sat for this deposition, and provided discovery responses. The Court notes that Bungie also alleges the following claims that are not subject to the motion for summary judgment: (1) false designation under 15 U.S.C. § 1125(a); (2) copyright infringement under 17 U.S.C. § 501; (3) business defamation; (4) violations of the Washington Consumer Protection Act; and (5) breach of contract. (See Motion for SJ; Am. Comp. ¶¶ 154-202.)

## ANALYSIS

**A.    Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). A genuine issue of material fact exists where there is

1  sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The

2  moving party bears the initial burden of showing that there is no evidence which supports an

3  element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

4  Once the movant has met this burden, the nonmoving party then must show that there is a

5  genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the

6  existence of a genuine issue of material fact, "the moving party is entitled to judgment as a

7  matter of law." Celotex, 477 U.S. at 323-24.

8  **B.    Minor Violated the DMCA**

9  A person that abuses the DMCA "may be subject to liability under [17 U.S.C.] § 512(f)."

10 Lenz v. Universal Music Corp., 815 F.3d 1145, 1151 (9th Cir. 2016). One such abuse is

11 providing a takedown notification that "knowingly materially misrepresents . . . that [the]

12 material or activity [identified in the notice] is infringing[.]" 17 U.S.C. § 512(f). To be liable, the

13 defendant must lack a subjective, good faith belief that the material targeted by the takedown

14 notification is infringing. See Lenz, 815 F.3d at 1153. The copyright owner may sue such an

15 individual under the DMCA for damages and attorneys' fees and costs, but the owner must show

16 that it was damaged "as the result of the service provider relying upon [the defendant's] . . .

17 misrepresentation in removing or disabling access to the material or activity claimed to be

18 infringing, or in replacing the removed material or ceasing to disable access to it." Id.

19 The undisputed record before the Court shows that Minor violated the DMCA by

20 knowingly, intentionally, and materially misrepresenting to YouTube that the takedown

21 notifications were authorized by Bungie and that the material itself was infringing. Bungie has

22 provided evidence that the materials at issue did not violate its IP Policy, and that the DMCA

23 notices were not properly issued. And, crucially, Minor admits that he had no authority to issue

24

the notices, that he intentionally and knowingly issued the notices, and that he "gravely messed up." The evidence here shows that the violations of Section 512(f) were intentional, and that Minor lacked a subjective, good faith belief that the targeted material was infringing. Bungie has also provided evidence that the fraudulent notices harmed its reputation and caused it to devote significant resources to attempt to remediate the harm. (See Barker Decl. ¶ 6.) The Court therefore GRANTS summary judgment in Bungie's favor on this claim and GRANTS the Motion.

## CONCLUSION

Bungie has demonstrated that it is entitled to relief on the merits of its DMCA claim and the Court GRANTS the Motion. The Court notes that Bungie's Motion does not resolve the question of the amount of damages, costs, and attorneys' fees to which Bungie may be entitled. This makes entry of summary judgment partial as to this claim. Nor does it resolve any of the other claims Bungie has alleged against Minor. These issues all remain to be resolved.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 6, 2024.

Marsha J. Pechman
United States Senior District Judge