The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS MINOR a/k/a "LORD NAZO", <br><br> Defendant. | Case No. 2:22-cv-371-MJP <br><br> STIPULATED MOTION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION <br><br> NOTING DATE: June 26, 2024 |

**STIPULATION AND MOTION FOR ENTRY OF JUDGMENT**

Defendant Nicholas Minor ("Defendant") and Plaintiff Bungie, Inc. through their undersigned counsel, hereby stipulate as follows and jointly move this Court to enter an Order and the Stipulated Judgment, with stipulations and injunctions as follows:

1. Defendant submitted 96 fraudulent DMCA takedown notices against creators in the Destiny 2 community, purportedly on behalf of the Plaintiff as its Agent but without any authority of any kind.

2. Defendant's false takedown notices infringed Plaintiff's intellectual property rights under 17 U.S. Code § 512(f).

3. Defendants' infringement was willful.

CONSENT JUDGMENT AND PERMANENT
INJUNCTIONC - 1

4. Defendant's infringement was directed against content featuring 54 of Plaintiff's works.

5. Judgment will be entered against Defendant in the amount of $8,100,000.00, representing statutory damages of $150,000 per infringed work under 17 U.S.C. § 512(f).

6. Any claims alleged in the Complaint and not addressed herein are withdrawn by Plaintiff and dismissed.

In addition, pursuant to 17 U.S.C. § 502, and this Court's inherent equitable powers, the Court orders as follows:

7. Defendant, all persons acting under Defendant's direction or control (including but not limited to Defendants' agents, representatives, and employees), and any persons or companies in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, must immediately and permanently cease and desist from any of the following:

    a. Creating, maintaining, or using any kind of account that purports to affiliate, to act on behalf of, or to be the Plaintiff, Bungie, Inc.

    b. Filing DMCA takedowns against *Destiny 2* creators on false pretenses.

8. Defendant is prohibited from using any social network, video sharing, or digital messaging accounts under his control (including, but not limited to, Facebook, groups or chats on Facebook, YouTube, Twitter, TikTok, Discord, GBATemp, Reddit, Telegram, Skype, WeChat, WhatsApp, Signal, or their equivalent) to provide any content relating to or featuring Plaintiff's intellectual property or to impersonate Plaintiff or its Agents in any way.

9. Defendant is further prohibited from engaging in any other violation of the Digital Millennium Copyright Act or the Copyright Act, or any other federal or state law, with respect to Plaintiff Bungie, Inc. and its intellectual property and with respect to all of Plaintiff's affiliates, including Sony Interactive Entertainment, LLC and other Sony-affiliated companies, and their intellectual property.

STIPULATED JUDGMENT AND PERMANENT
INJUNCTION - 2

10. Defendant must delete the *Destiny 2* and *Destiny* games from any machine under his control, as well as any software that in any way interacts with or pertains to Plaintiff's Intellectual Property.

11. Defendant is further prohibited from directly or indirectly threatening, harassing, or harming Plaintiff and Plaintiff's affiliates, including Sony Interactive Entertainment, LLC. and other Sony-affiliated companies, and/or their employees or agents.

12. This permanent injunction constitutes a binding court order, and any violations of this order by Defendant will subject them to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

13. Any company or entity that Defendant controls in the future will also comply with the provisions of this Judgment and Permanent Injunction.

14. This permanent injunction is binding against Defendant worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complaint and may be enforced in any court of competent jurisdiction wherever Defendant or his assets may be found.

15. The Parties irrevocably and fully waive notice of entry of this Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction. Plaintiff is not required to post any bond or security in connection with the Final Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

16. The Parties irrevocably and fully waive all rights to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

17. Nothing contained in this Judgment and Permanent Injunction limits the right of the Plaintiff to seek relief, including, without limitation, damages, for any infringements of any Intellectual Property rights occurring after the date of this Judgment and Permanent Injunction.

18. The Court will retain jurisdiction of this action to entertain further proceedings and to enter further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction. The Parties consent to the personal jurisdiction of the United States District Court for the Western District of Washington for purposes of enforcing the Judgment and Permanent Injunction.

19. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Judgment and Permanent Injunction against Defendant Nicholas Minor.

/s/ *Akiva M. Cohen*

Akiva M. Cohen, New York Bar No. 4328969
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.
1700 Broadway
New York, NY 10019
Telephone: (212) 400-4930
Email: acohen@kusklaw.com

/s/ *Dylan M. Schmeyer*

Dylan M. Schmeyer, Colorado Bar No. 50573
(Admitted *pro hac vice*)
KAMERMAN, UNCYK, SONIKER
& KLEIN, P.C.
3598 E. 106th Ave
Thornton, CO 80233
Telephone: (719) 930-5942
Email: dschmeyer@kusklaw.com

Attorneys for Plaintiff

/s/ *Nicholas Ranallo*

Nicholas Ranallo WASB# 51439
Ranallo Law Office
5058 57th Avenue S
Seattle, WA 98118
Telephone: (831) 607-9229
Email: nick@ranallolawoffice.com

STIPULATED JUDGMENT AND PERMANENT
INJUNCTION - 4

|   |   |
|---|---|
| 1 | /s/ *Brian H Getz* |
| 2 | *Pro hac vice*<br>Brian H Getz (CA Bar No. 85593) |
|   | Law Office of Brian H Getz |
| 3 | 90 New Montgomery Street, Suite 1250 |
| 4 | San Francisco, CA  94105<br>Telephone: (415) 912-5886 |
| 5 | Email: brian@briangetzlaw.com |

/s/ *Brian H Getz*
*Pro hac vice*
Brian H Getz (CA Bar No. 85593)
Law Office of Brian H Getz
90 New Montgomery Street, Suite 1250
San Francisco, CA  94105
Telephone: (415) 912-5886
Email: brian@briangetzlaw.com

/s/ *Petra M. Reinecke*
*Pro hac vice*
Petra M. Reinecke (CA Bar No. 154482)
Law Offices of Petra M. Reinecke
90 New Montgomery Street, Suite 1250
San Francisco, CA  94105
Telephone: (415) 591-1102
Email: pmrlawoffices@gmail.com

Attorneys for Defendant NICHOLAS MINOR

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.  The Clerk is directed to enter judgment against Defendant Nicholas Minor and in favor of plaintiff Bungie, Inc. in conformity with the stipulations above.

DATED:_____

_____
Marsha J. Pechman
United States District Court Judge

STIPULATED JUDGMENT AND PERMANENT INJUNCTION - 5

Case 2:22-cv-00371-MJP   Document 49   Filed 06/26/24   Page 5 of 5